## CHAPLIN v. CURRIER.*

### Pleading.   Set-off.   Usury.

In general assumpsit the plea was, that plaintiff was indebted to defendant in a large sum for work and labor, &c., which sum exceeded the damages sustained by plaintiff, and out of which the defendant offered to set off and allow plaintiff the full amount of said damages, according to the form of the statute, &c.   Plaintiff replied *non assumpsit*.   Under those pleadings, plaintiff sought to give evidence showing a discharge of the indebtedness that defendant had attempted to show under said plea.   *Held*, that the plea was a plea in bar, adapted to use under the statutes 2 Geo. II. c. 22, s. 13, and 8 Geo. II. c. 24, s. 4, and not a declaration in set-off within the meaning of s. 2, c. 39, Gen. Sts., and that the evidence was admissible.

In assumpsit for usurious interest, it appeared that defendant held plaintiff's mortgage notes to a large amount, some of which were given with an agreement for more than lawful interest, and that defendant had obtained a decree of foreclosure. Plaintiff's evidence tended to show that on October 14, 1871, shortly before the expiration of the time of redemption, P., pursuant to an agreement with plaintiff, paid the sum due ; but defendant's testimony tended to show that P. then purchased defendant's claim.   It appeared that on that day defendant, plaintiff, and P., met, that the notes were produced, the interest thereon reckoned, in part at ten per cent. and in part at a less rate, and the notes given up to plaintiff ; and that in payment of the notes and the interest then due thereon, P. gave defendant $3000, and four notes for $700 each, at one, two, three, and four years date respectively, signed by plaintiff and indorsed by himself.   Plaintiff's testimony tended to show that the amount then found due to defendant was $5,810.22; defendant's, that it was about 5,890; but the testimony of both agreed in showing that defendant consented to call it 5,800.   It further appeared that on or just before that day, plaintiff conveyed the mortgaged premises to P., and executed to him a note for $3,000, and received back a bond conditioned that if plaintiff paid the said several seven-hundred-dollar notes, as they fell due, P. should reconvey the premises so conveyed, and take a mortgage thereon conditioned for the payment of said three-thousand-dollar note; that afterwards plaintiff surrendered said premises to P., and received back said three-thousand-dollar note and one of the seven-hundred-dollar notes that P. had paid;

*Decided at the August Term, 1875.

that after such surrender, P. sold the property to R., who assumed the payment of the three remaining seven-hundred-dollar notes, whereupon defendant released P. from his indorsements thereon. It further appeared that only a part of the seven-hundred-dollar note at three years date had been paid, that nothing more than the interest had been paid on the seven-hundred-dollar note of four years date, that defendant still held them, and that the amount to become due on them was more than the amount claimed by plaintiff for usury. *Held,* that, as neither plaintiff nor any one for him had in fact paid any more than legal interest, as plaintiff could defend to the extent of his claim against an action on the remaining notes by defendant, as P. was released, and as, if R. were to pay anything on them he would do so for plaintiff, plaintiff could not recover any part of his claim for usurious interest.

GENERAL ASSUMPSIT. The defendant pleaded the general issue, set-off, and a special plea of payment, and gave notice of special matter. The plaintiff joined issue on the first plea, replied *non assumpsit* to the second, and traversed the third. The defendant joined issue on the replication to the second and third pleas.

The second plea alleged, in the form of the common counts in assumpsit, that the plaintiff, before and at the time of the commencement of the suit, was and still is indebted to the defendant in a large sum of money, for, &c., which said sum exceeded the damages sustained by the plaintiff by reason of the non-performance by the defendant of the said several supposed promises and undertakings in the declaration mentioned, out of which said sum the defendant was ready and willing, and thereby offered, to set-off and allow to the plaintiff the full amount of said damages according to the form of the statute, &c., and closed with a verification and prayer for judgment.

The plaintiff filed specifications under his declaration, claiming $675 paid as usury, October 18, 1871, and $25 for board and washing, due November 10, 1872; and on trial by jury at the September Term, 1874, Ross, J., presiding, he testified that the defendant had boarded with him, and that the second item of his specifications was for balance due upon settlement. The defendant testified in regard to the same that he had boarded with the plaintiff, and that he settled with him at the end of the first month; that when he left the plaintiff's hotel, the plaintiff presented his bill, which was a copy of the account on which he claimed balance due. He further testified that he had let the plaintiff have lumber, and had loaned him money on several occasions, that there

7

had been other dealings between them, that the plaintiff really owed him on account, and that there had been no final settlement. The plaintiff then offered evidence in rebuttal, to show that all of the lumber and part of the cash referred to in the defendant's testimony, had been credited to the defendant by the plaintiff in the account from which the second item of the plaintiff's specifi-. cations had been derived.    To its admission the defendant objected, for the reason that the plaintiff had neither pleaded, nor given notice of, settlement of any part of the account specified by the defendant under his plea in set-off.    But the court admitted it, and the defendant excepted.

It appeared that prior to October, 1870, the plaintiff had borrowed, at different times, large sums of money of the defendant, and had given his notes therefor secured by mortgage, and that he had agreed to pay ten per cent. interest on the money so borrowed ; that the defendant had purchased other of the plaintiff's notes secured by prior mortgages on the same property ; and that at the October Term, 1870, of the Orleans County Court of Chancery, the defendant brought petitions to foreclose said mortgages, and obtained decrees of foreclosure.    It did not appear whether the sum due had ever been ascertained, or whether a decree had been drawn and signed by the chancellor.    The plaintiff gave evidence tending to show that a short time before the equity of redemption expired, he arranged with S. D. Pendar for aid in paying the sum due to the defendant, and that on October 14, 1871, Pendar paid it.    The defendant's testimony tended to show that Pendar purchased his claim against the plaintiff.    It appeared that the defendant, plaintiff, and Pendar met at Newport, on October 14, 1871, and that the notes secured by said mortgages were produced, the interest thereon figured, part at ten per cent. and part at a less rate, and all given up to the plaintiff ; and that in payment thereof Pendar discharged a debt of $3000 which the defendant owed him, and delivered to the defendant, indorsed by himself, four notes for $700 each, signed by the plaintiff and his son, and payable to Pendar or bearer in one, two, three, and four years respectively from the said 14th day of October.    The plaintiff's testimony tended to show that the amount then found due to

the defendant, casting interest as aforesaid, was $5,810.22, and that the defendant consented to call it $5,800. The defendant's testimony tended to show that it was $5,890 to $5,900, and that from considerations which it is unnecessary to state, he called it $5,800.

It further appeared that on the last named day or just prior thereto, the plaintiff by an absolute deed, conveyed the property described in the defendant's mortgages to Pendar, and also executed to him a promissory note signed by himself and his son for $3,000, and received back from him a bond conditioned that if the plaintiff paid the four seven-hundred-dollar notes as they fell due, Pendar was to reconvey the said premises to the plaintiff and take from him a mortgage thereon for the $3,000, giving him time to pay the same ; that some time thereafter the plaintiff surrendered the possession of said property to Pendar, and received back his three-thousand-dollar note and one of the seven-hundred-dollar notes which Pendar had paid, the other three being then in the defendant's hands, not due and unpaid ; and that some time after the plaintiff surrendered possession of the premises, Pendar sold the property to one Ramsdell, who assumed the payment of the remaining seven-hundred-dollar notes, whereupon the defendant released Pendar from his indorsements thereon. It did not appear further than by implication from the foregoing, whether, when Pendar took possession of the premises he was to pay the remaining seven-hundred-dollar notes, and save the plaintiff from the payment thereof, or not. It further appeared that only a part of the seven-hundred-dollar note due three years from its date had been paid, and that nothing unless the interest had been paid on the seven-hundred-dollar note due four years from its date, and that the defendant still owned and held the said notes, and that the amount to become due on them was more than the amount claimed by the plaintiff for usury.

On the foregoing facts and evidence the defendant asked the court to charge the jury that the plaintiff could not recover any part of his claim for usurious interest ; claiming that he had not as yet, — inasmuch as the seven-hundred-dollar notes remain unpaid to a larger amount than plaintiff claimed in that behalf,—

paid any such interest; and that the plaintiff could defend the seven-hundred-dollar notes to the extent of the usurious interest reckoned and included in the said sum of $5,800.

The court refused to charge as requested, but submitted special questions to the jury, with instructions not excepted to. The jury found that Pendar did not purchase the defendant's debt against the plaintiff; that the plaintiff paid to the defendant, on the said 14th day of October, extra interest to the amount of $486.50 ; that that sum, with interest thereon, amounted at the time of trial to $574.67 ; that the defendant was not indebted to the plaintiff for board and washing in the sum of —— dollars; and that the plaintiff was indebted to the defendant on the defendant's claim in set-off to the amount of twelve dollars. The court rendered judgment on the verdict for the plaintiff, deducting from the sum found by the jury as usury, the sum found due to the defendant on his plea in set-off. To the refusal to charge as requested, the defendant excepted.

*Crane* and *Edwards & Dickerman,* for defendant.

On trial the defendant established his specifications so far as to show that the charges were legitimate. The plaintiff then proposed to show that the items of account named in defendant's specifications, had been paid. To this the defendant objected under the pleadings, but the objection was overruled and the defendant allowed to give evidence tending to show a settlement and payment of the defendant's account. This was error. A declaration in set-off is a creature of the statute, and is in the nature of a new suit, and all the elements of pleading in a new and independent suit attach to it. And notice of defence must be given to a declaration in offset as to a new and independent suit, otherwise the defendant would be embarrassed by surprise as much as a plaintiff would be in an independent proceeding.

Issue must be formed in trying the declaration in set-off precisely as in case of an independent proceeding, the only object of allowing the declaration in set-off being, to prevent a multiplicity of suits and to terminate controversies expeditiously and economically. Gen. Sts. c. 39, s. 2 ; c. 33, s. 15. The matter contained

in a declaration in offset cannot be the subject of a plea.  *Hubbard* v. *Fisher*, 25 Vt. 539.

The plaintiff has not paid any usurious interest.  His notes are now outstanding for more than the amount of such interest reckoned ; and to the extent of such interest the plaintiff has a full and complete defence to them.  The fact that he has turned out property to secure the payment of the usurious interest, does not change the character of the transaction.  *Grow* v. *Albee*, 19 Vt. 540.

*Rowell* and *Grout*, for plaintiff.

Issue was properly joined on the second plea.  1 Chit. Pl. 499, 502, 562 ; 3 Ib. 935, 1158.  The plaintiff's book was proper evidence to prove the plaintiff's second charge, and to contradict the defendant.

The plaintiff surrendered the property to Pendar, and Pendar sold it to Ramsdell, who assumed the notes then unpaid, and Ramsdell is bound to pay them.  The defendant accepted Ramsdell as payor of the notes, and thereby released the plaintiff.

The opinion of the court was delivered by

WHEELER, J.  I.  The English statutes, 2 Geo. II, c. 22, s. 13, and 8 Geo. II, c. 24, s. 4, relating to set-off, provided a method by which defendants having claims equal to or greater than those of the plaintiffs, might, in certain actions, defeat recovery by the plaintiffs, by pleading or giving notice of their claims, and offering to set off enough of them to satisfy the plaintiffs' claims ; but did not, as our statutes do, provide for the recovery in the same actions, of balances due the defendants.  Under those statutes, a separate action was necessary, to recover any excess due defendants.  *Hemmell* v. *Fairland*, 3 Esp. 104.  The plea of set-off in this case appears to have been framed according to the form of pleas in bar adapted for use under those statutes, and is pleaded as a bar merely to the plaintiff's recovery, and not as a declaration of a claim on which to found a recovery by the defendant.  When so pleaded, the plaintiff was not bound to demur to the plea, but had the right to treat it as a plea in bar merely, and not

a declaration, and to reply to it as such ; and, as he needed only to put in issue the existence of the defendant's claims as a bar to recovery on his own, and did not need to answer them as claims on which the defendant sought to recover, there was no occasion for him to comply with the statute relating to pleading matters of discharge to causes of action admitted to have once existed, for that statute applies only to *actions* of certain classes named in it, and although it might be held to apply to declarations in offset of those classes, it could not with any propriety be held to apply to pleas strictly in bar. Gen. Sts. c. 33, s. 15. The objection of the defendant that the plaintiff's evidence, which went to show that the claims the defendant set up did not exist in fact, was inadmissible for want of plea or notice under the statute, was not well taken.

II. According to the facts that appeared on the trial, as stated in the bill of exceptions, neither the plaintiff himself nor any one for him has yet in fact paid any more than legal interest to the defendant. The plaintiff himself has only given his notes, which are mere promises to pay, and procured Pendar to indorse them ; and he, not the plaintiff, procured Ramsdell to agree to pay them for his release from the indorsement. Neither has paid them yet far enough to pay any part of them that is for extra interest. If the defendant should undertake to collect them of the plaintiff, to that extent he could defend. Pendar is released ; and if Ramsdell should pay them, he would do so for the plaintiff, and he would then be entitled to recover it back. If no one pays that part of them, the defendant will have no usury in his hands. *Grow* v. *Albee*, 19 Vt. 540. The defendant was therefore entitled to have his request to charge complied with.

Judgment reversed.