GEORGE TINKHAM v. A. A. SMITH, Admr.

*Statute of Limitations when not a Bar to a Plea. Distribu-
tion. Offset. Double Pleading. Administrator.
R. L. c. 56; R. L. s. 922.*

In an action on a decree of distribution made by the Probate Court ordering·
the defendant administrator to pay the plaintiff, one of the intestate's
heirs, the sum of $1,126.22, the defendant pleaded that at the date of the
decree he paid the plaintiff a part thereof; and that he applied the plain-
tiff's indebtedness in further payment of the decree. The plaintiff,
replied, (1), by denying the indebtedness; and, (2), that it was barred by
the Statute of Limitations. The defendant traversed the denial, and de-
murred to that part of the replication claiming the statute as a bar. *Held,*

1. That the replication was an insufficient answer to the plea, and that the
demurrer should be sustained.

2. The Statute of Limitations applies only to *actions*, but not to *pleas in bar
alleging payment;* and probably not to pleas, as such, unless in the
nature of an action, as in set-off.

3. The application of the plaintiff's debt on the decree was a proper
accounting.

4. It is not presumed that the Probate Court considered the indebtedness
in determining the plaintiff's distributive share. The decree is more in
the nature of an order to account to the heirs, than an adjudication of
what is due them.

DEBT on a decree of distribution by the Probate Court.
Heard on demurrer to the plaintiff's replication, March Term,
1883, Washington County, REDFIELD, J., presiding. Demurrer
sustained. The case appears in the opinion.

*S. C. Shurtleff,* for the plaintiff.

The judgment of the Probate Court is conclusive as to the
rights of the parties. *Collard* v. *Crane,* Brayt. 18; *Gidding
& Wife* v. *Smith,* 1 D. Chip. 420; *Lawrence* v. *Englesby,* 24
Vt. 42; *Tryton* v. *Tryton,* 16 Vt. 313. The plea does not set
forth any defence that has arisen since the judgment of the court
fixing the amount due the plaintiff. The plea alleges that the
plaintiff owed the estate before the decree was rendered; if so,

why did the defendant permit this? The court ordered the defendant to pay the plaintiff; and this must stand until some court makes a different order. The court did not order him to pay himself; and it can be no justification that he has done differently than ordered. There were but two ways open to the defendant: one to bring a suit; and the other to plead in offset. Considered as a plea in offset, the plaintiff's plea is good; but for any other, it is bad. There is no allegation in the plea that the question of indebtedness was not heard by the Probate Court; the presumption is that it was heard, and judgment rendered for the balance. It is a plea in offset; if so, the plaintiff has a right to plead as many pleas in reply to it as he chooses. R. L., ss. 922, 923. Either of the replications is sufficient to meet a bad plea. If the statute is not a bar, the replication is not double. Chit. Pl. 226; Steph. Pl. 248.

*J. Wilson*, for the defendant.

The replication is double. Gould Pl., c. 8, ss. 19, 20, 21; 1 Chit. Pl. 680, n. It is a plea of payment, and has no resemblance to a plea in offset. *Chaplin* v. *Currier*, 49 Vt. 48. The Statute of Limitations is not a bar so but that the administrator can apply what is due the estate from the heir in payment of the heir's distributive share. *Higgins* v. *Scott*, 22 E. C. L. 113.

The opinion of the court was delivered by

Ross, J. This action is founded on a decree of distribution of the estate of Henry Tinkham made by the Probate Court, by which the defendant as administrator was ordered to pay the plaintiff, heir-at-law of the intestate, out of the estate the sum of eleven hundred, twenty-six dollars and twenty-two cents. By his second plea the defendant, administrator, avers that at the date of the decree he paid the plaintiff a part thereof, and that the plaintiff was then owing the estate more than enough to pay the balance of said decree, and that he applied such indebtedness in payment of the balance left due the plaintiff upon said decree; so that no part of the decree remained due to the plaintiff, but

that the same was fully satisfied, at the time of the commencement of this suit. To this plea the plaintiff replied; first, by denying that he owed the sums of money mentioned in the plea, or any part thereof; and secondly, that they were barred by the Statute of Limitations. The first part of the replication is a traverse of the plea; and in this the defendant joined; and demurred to the second part on the ground, first, that the Statute of Limitations is no answer to the plea; and secondly, if an answer, then the replication is double.

The plaintiff admits that the replication is double, in that it sets up two full answers to the plea; but contends that the plea is in effect a plea in set-off, and being such, the statute admits of double pleading. This contention is not sound. The plea is not in substance, nor nature, a plea in set-off; but rather a plea in bar, setting up a satisfaction of the debt declared for, by payment. But if in essence, a plea in set-off, as it seeks to recover no balance, it amounts only to a plea in bar. *Chaplin* v. *Currier*, 49 Vt. 48. It is in form a plea in bar, and does not answer the requirements of the statute, R. L. s. 922, in regard to pleas in set-off. We think the plea did not admit of a replication setting up two full defences, and that standing upon this ground the demurrer was properly sustained.

The plaintiff further contends that the plea was bad, in that it set up that the defendant appropriated the sum due from the plaintiff to the estate in part satisfaction of the decree of the Probate Court, in his favor, and as the demurrer reaches the first defect in pleading the replication was a sufficient answer to a bad plea.

He also contends that as the plea counts upon an indebtedness from the plaintiff to the estate antecedently to the decree of the Probate Court, the presumption is that the Probate Court considered such indebtedness in determining the amount of the plaintiff's distributive share. We do not think this latter contention can prevail. In ascertaining the distributive share of each heir to an estate, the Probate Court determines the amount of the estate available for distribution among the heirs, and

declares the amount of each heir's share. It does not inquire whether such heirs are indebted to the estate, unless they have presented claims against the estate for allowance. It presumes that the administrator has the estate in his hands, or control. The decree adjudged, that, of the funds belonging to the estate, the plaintiff was entitled to have the sum named, without inquiring whether he had already received a part or the whole of that sum from the administrator. It simply ordered the administrator to account to the plaintiff for that part of the estate named in the decree in his favor. The decree of distribution is more in the nature of an order upon the administrator to account to the heirs, for the several sums named in the decree, than of an adjudication that the administrator is indebted to each heir in the sum named in the decree. It is not in the nature of a personal judgment against the administrator in favor of each; but rather that he has a fund in his control belonging to the estate, for which he is to account to the several heirs in the sums named in the decree as belonging to the heirs respectively. When part of the fund consists of a debt due the estate from an heir, the administrator may rightfully say to such heir, "I account to you by applying the debt due from you to the fund, in part satisfaction of that part of the same decreed to you." Such would be a lawful accounting to the extent of the indebtedness. But when the administrator asserts such indebtedness, and its application, he takes the burden of proving the existence of the indebtedness. As such assertion, by way of plea in bar, or satisfaction of the decree of distribution, is not in form an action to enforce the payment of such indebtedness, a replication of the Statute of Limitations is not applicable thereto. The Statute of Limitations applies only to *actions*, (R. S. c. 55,) and not to pleas in bar, by payment or satisfaction; and probably not to pleas, as such, unless in the nature of an action, like declarations in set-off. Although many of the cases cited by the defendant's counsel are suits in equity, they all sustain his contention, that an administrator has the right to apply the indebtedness from an heir to the estate, in part or whole satisfaction of the share of such heir in

the estate; and that the Statute of Limitations does not bar, nor apply, to such application, as it bars and applies to *actions* only.

The plaintiff further contends that this holding shows that the replication of the Statute of Limitations is immaterial, so that his replication is not demurrable, for being double. This is true. But it is also true that, on the same holding, the replication of the Statute of Limitations is in substance an insufficient answer to the plea and so demurrable. Hence, from whatever stand point the replication is viewed, the demurrer was properly sustained.

The judgment is affirmed and cause remanded.