# JOSIAH W. PARKER *v.* NATIONAL LIFE INSUR-ANCE COMPANY.

## *Offset.   Statute of limitations.   Usury.*

1. Where a debt is barred by the statute of limitations, the creditor cannot plead it in bar to a suit brought by the debtor against him in reference to an independent transaction.

2. The plaintiff brought suit for usury. At the same time he owed the defendant a balance on another debt greater than the amount of the plaintiff's claim, which was, however, outlawed. *Held,* that such balance could not be set off in extinguishment of the plaintiff's claim.

Assumpsit.   The case was heard at the March term of the Washington County Court, 1888, ROWELL, J., presiding, upon a stipulation that all pleadings proper to be filed by either party should be treated as filed, and an agreed statement of facts, which was as follows:

"July 25, 1872, the plaintiff borrowed of the defendant $4,950, for which he executed his promissory note of that date for the sum of $5,500, payable five years after date, with interest annually, and secured by mortgage of real estate. The difference between the amount received by the plaintiff and the face of the note was not received by the plaintiff, and represented usurious interest agreed upon by the parties.

August 11, 1874, the plaintiff borrowed of the defendant $1,800, for which he gave his promissory note of that date, for $2,000, payable in five years of its date, with interest annually, and secured by mortgage upon the same real estate, and also upon another parcel of land containing about fifty-five and three-fourths acres. The difference between the amount received by the plaintiff and the face of the note was not received by the plaintiff, and represented usurious interest agreed upon between the parties.

March 19, 1877, the plaintiff sold and conveyed to one Cullen B. Bullard the said fifty-five and three-fourths acres of land

(5)

upon the consideration, among other things, that said Bullard should pay said note of $2,000, which said Bullard agreed to do.

March 20, 1877, upon the petition of his creditors, the plaintiff was adjudged an insolvent debtor. An assignee of his estate was appointed, his estate was distributed, and April 17, 1878, he received a discharge.

February 18, 1878, pending such proceedings in insolvency, the assignee sold and conveyed to Marcus Bullard the said real estate mortgaged July 25, 1872, subject to that mortgage.

April 12, 1879, said Marcus Bullard conveyed to the defendant, by quit-claim deed, the said real estate mortgaged July 25, 1872. An ejectment suit for said last-named premises and mesne profits, brought by the defendant, against said Marcus Bullard, was then pending, and the consideration of said quit-claim deed was the discontinuance of said suit.

There was then due on said note of July 25, 1872, computed as a note for $4,950, only, the sum of $5,785.30. Said last-named note was not proved in said insolvency proceedings, and is still held by the defendant.

On January 6, 1881, the defendant sold and conveyed said real estate, mortgaged July 25, 1872, for the sum of $5,000, which was its fair cash value at and since the time of said quit-claim deed of April 12, 1879, when the defendant first took possession of those premises.

Until the conveyance, by the plaintiff, to Cullen B. Bullard, the annual interest upon said $2,000, computed at its face value, was paid by the plaintiff, and thereafterwards up to and including August 11, 1882, by said Cullen B. Bullard. Upon the 13th day of August, 1883, said Cullen B. Bullard paid upon said $2,000 note $1,800, and on September 1, 1883, the sum of $321.07, whereupon the defendant discharged the mortgage of August 11, 1874, and surrendered said $2,000 note to said Cullen B. Bullard.

The plaintiff claims to recover for this usurious interest paid in respect of said $2,000 note, and if entitled to recover, it is agreed that he shall have judgment for $331.14, and interest thereon from September 1, 1883, and costs of suit.

The defendant claims that all claim or demand because of usury paid in respect of said $2,000 note has been paid and extinguished by the plaintiff's indebtedness upon the loan of July 25, 1872."

The court gave judgment for the plaintiff for said sum of $331.14, with interest and costs, to which the defendant excepted.

*Pitkin & Huse*, for the defendant.

The plaintiff had the money before the insolvency act of 1876 went into force, so that the discharge amounted to nothing. *Baldwin* v. *Buswell*, 52 Vt. 57.

When the defendant received the last money on the $2,000 note Sept. 1, 1883, the $331.14, which otherwise the plaintiff would have had a right to recover under the statute as usury, had already been more than paid by the money of the defendant, which the plaintiff had in his hands, and the defendant, although by reason of the statute of limitations it could not collect this amount due it, had a right to treat it as a payment of the $331.14, and to do this whenever the plaintiff sought to enforce his claim as to said $331.14. The statute of limitations applies to actions only, not to pleas in bar. R. L. section 2000; *Tinkham* v. *Smith*, 56 Vt. 187; *Ewing* v. *Griswold*, 43 Vt. 400; *Higgins* v. *Scott*, 2 B. & Ad. 413.

*Stewart & Wilds*, for the plaintiff.

The transactions detailed in the agreed statement constitute a payment of usury by the plaintiff as of Sept. 1, 1883. *Nelson* v. *Cooley*, 20 Vt. 201; *Low* v. *Prichard*, 36 Vt. 183; *Reed* v. *Eastman*, 50 Vt. 67.

This right of action has never been extinguished. It cannot be offset by any indebtedness to the defendant arising out of the loan of 1872, for the statute of limitations is a complete bar to such a plea. R. L. section 963; 1 Chit. Pl. 572; *Hills* v. *Hills*, 4 Esp. 196.

The opinion of the court was delivered by

Ross, J. The borrowing of the money and the giving of the mortgage to secure its payment July 25, 1872, was a transac-

tion distinct and separate from the like transaction August 11, 1874, between the same parties. Therefore the loss to the defendant by failure to obtain payment of the first loan, in full by taking the premises mortgaged April 12, 1879, had no connection with its receipt of usury paid by him in the second transaction. The defendant can not avail itself, in defeat of this action, of the balance due it from the plaintiff arising out. of the first transaction by declaring for that balance in set off, or by pleading so much of it as is necessary for that purpose in bar of this action. The cause of action for this balance arose immediately· upon its receiving the mortgaged premises, on April 12, 1879. It is conceded by the defendant that this cause of action has become barred by the statute of limitations, but it contends that by pleading the sum due it growing out of the transaction of 1872 strictly in bar of this action, without claiming to recover any balance, it avoids the effect of the. statute of limitations, as that statute applies to actions and not to pleas. We do not think this contention can be sustained. The sum due the defendant from the transaction in 1872, under a plea strictly in bar, must first be established and then set off against the sum found due the plaintiff for usury paid on the transaction of 1874. In legal effect its plea in bar is an action to enforce the payment of so much of the sum which may be found due it from the plaintiff, on his indebtedness created by the note and mortgage of 1872, as may be required to extinguish the usury which it received in 1883, which was included in the plaintiff's note secured by the mortgage of 1874. ˙ While usury may be treated a technical payment on the indebtedness on which it is .paid, it cannot be treated as such payment on another separate, independent transaction. *Ewing, Exr.,* v. *Griswold,* 43 Vt. 400. It does not fall within the principle of the decision of *Tinkham* v. *Smith,* 56 Vt. 187, which applies to a technical payment upon the identical indebtedness upon which the suit is brought.

*The judgment of the County Court is affirmed.*