## John S. Wallace v. Francis Finnegan.

*Note secured by collaterals may be set off.* The Court below rejected a note of $450 made by the plaintiff below, which was offered in set-off by the defendant, and for which the defendant held certain collaterals equivalent to a real estate mortgage. *Held,* that as the note could have been recovered by action it could also be set off, without delivering up the collaterals.

*Collateral securities do not hinder the right of action.* A person holding collateral securities is not under any obligation to resort to them before suing upon the principal claim; but when that claim is satisfied he may be compelled to release or re-assign the collaterals. When such principal claim is made the subject of an action or of set-off, a court of law has no power to adjust the equities arising out of the holding of collaterals.

*Set-off, what can be.* Nothing can be set off unless it could be sued upon, and, on the other hand, any claim coming within the statute can be set off if it could be sued·

*Heard April* 10th.     *Decided April* 17th.

Error to Berrien Circuit.

This was an action of assumpsit on the common counts. Defendant plead the general issue and gave notice of set-off.

The case turns upon the rejection by the Court of a certain set-off offered by the defendant, and which is sufficiently stated by the Court. Judgment was rendered for plaintiff.

*D. D. Hughes,* for plaintiff in error.

*F. Muzzy,* for defendant in error.

CAMPBELL J.

The only point which is very clearly presented by the bill of exceptions in this case is, whether a note held by the defendant below was properly rejected when offered as a set-off, unless certain collaterals should be surrendered. The defendant below received from Finnegan, as security to this note of $450, an assignment of certain other notes secured by a real estate mortgage. The assignment was absolute in form, but was accompanied by a defeasance, which provided

that if Finnegan paid the $450 note at maturity, the securities should revert to him, but if not they were to become the absolute property of Wallace. This assignment itself was in effect a real estate mortgage, and subject to a similar equity of redemption, and left the $450 note an existing liability as before.— *Graydon v. Church*, 7 *Mich.* 36. A person holding a collateral security is not bound, unless he chooses, to resort to it before suing upon his principal claim. When that claim is satisfied he may be compelled to release or re-assign the collaterals, but his right to sue the claim itself is an absolute one, not in any way affected by his possession of the securities, and he cannot therefore be compelled to surrender them as a condition of enforcing his legal demand. Nothing can be set off unless it could be sued upon, and on the other hand any claim coming within the statute can be set off if it could be sued. A court of law has no power to enforce such equities as may result to Finnegan in the securities from the allowance of the set-off, and even if it had this power, the court could not assume that the entire verdict might not be in Wallace's favor. If, after allowing the set-off, Wallace is still found in debt to Finnegan, the latter has other remedies to recover the collaterals, if Wallace should see fit to withhold them. But if the set-off brings Finnegan in debt, Wallace may properly hold them for the balance. There was error in refusing to allow the set-off without a surrender of the securities, and Wallace was not bound to surrender them as a condition of its allowance.

The charge upon other points is very obscure, but, as it is somewhat difficult to apprehend its precise bearing, we shall not attempt to review it, as the case goes back upon the question of set-off.

Judgment must be reversed, with costs, and a new trial must be granted.

CHRISTIANCY J. and MARTIN CH. J. concurred.

COOLEY J. did not sit in this case.