GARRETT, Receiver, v. PIERSON.

**Statute of limitation :** ESTATES OF DECEDENTS. While a claim held by the estate against an heir, which is barred by the statute of limitations, might, as it seems, be considered in settling his distributive share, yet if an action at law be commenced thereon for the purpose of enforcing the collection thereof, he may successfully plead the statute of limitations, notwithstanding the pendency of a proceeding in chancery for the settlement of the estate and the distribution of the assets

*Appeal from Des Moines District Court*

FRIDAY, JULY 29.

VERDICT and judgment for plaintiff. Defendant appeals. The facts are fully set out in the opinion.

*P. Henry Smyth* for appellant.

*B. J. Hall* for the appellee.

Beck, J. — The plaintiff is the receiver of the estate of John Pierson, Sr., deceased, and brings this action to recover $4,049, and interest thereon from June 28, 1861, on account of money paid at that date by the executor of said estate upon a judgment recovered by Henry Morr against defendant and John Pierson, Sr., the decedent, who was security upon the note which was the foundation of said judgment. Among other defenses set up in the answer, the defendant pleaded the statute of limitations in bar of the action. The cause was submitted to the jury; and the question upon the defense under the statute was reserved by the court for decision after verdict. Upon verdict for plaintiff being returned by the jury, defendant renewed his defense of the statute of limitations upon a motion for a new trial, which was overruled, and judgment rendered for plaintiff.

It appears from the bill of exceptions that no evidence was given tending to take the case out of the statute except of the following facts ; John Pierson, Sr., was the father of defendant, and died without making a complete disposition of his property by his will. Two of his sons, other than defendant, were nominated in the will as his executors, and acted as such, until, in a proceeding instituted against them, they were superseded by the appointment of plaintiff, or his predecessor, as the receiver of the estate. Subsequently, certain heirs of the estate filed, in what court it does not appear, a petition setting up the fact of the payment of the aforesaid judgment out of the assets of the estate by the executors, and their failure to collect from defendant, who at the time of the judgment, and for a long time thereafter, was solvent, the

amount so paid by them, and that defendant had since become insolvent. The petition further charges, that, at his death, decedent held promissory notes for different large sums against his sons, the executors and said defendant, which, it is alleged, are or ought to be in the hands of the receiver. It also charges that the indebtedness of said executors upon their said notes has become assets of the estate, and they ought to be charged accordingly with the amount thereof.

The petition then set out the names of all the heirs of the decedent, and charges that he, a short time before his death, made advancements to certain of his sons, including defendant, by the conveyance to them of certain lands, which are described in the petition. The relief prayed for is, that the receiver may be directed to proceed against the said executors and their securities for not faithfully performing their duties. That the court determine what advances were made to the sons of decedent, and then distribute the assets in accordance with law, and direct the receiver to pay over the same according to such distribution. General relief in accordance with the requirements of justice is also prayed for. All the proceedings concerning the settlement of the estate, including, as we understand it, the foregoing petition, were consolidated in a chancery cause pending in the district court. The bill of exceptions, states, that it was not shown that any decision was ever made in that cause concerning the matters involved therein, nor what disposition was made of the same, further than that the proceeding is pending and the questions involved undetermined.

The bill of exceptions further states, that the court did not sustain the defense of the statute of limitations pleaded by defendant, because (in the language of the record) " it appeared from said proceedings that defendant was an heir of the estate represented by plaintiff, and

Garrett v. Pierson.

that he had not received any portion of said estate, and that said estate was unsettled, and the settlement thereof is now pending in this court, on the chancery side of the docket."

We are unable to concur with the court below in the view that the evidence was sufficient to deprive defendant of his defense of the statute of limitations. The remedy sought in the chancery action against defendant is not a judgment for money paid by the estate on his account. It cannot in truth be said that the chancery proceedings is an action upon the claim which is the foundation of this suit. The claim may be barred by the statute, and yet be properly set up as a claim against defendant in settling his distributive share of the estate. It may, as we conceive, be taken into consideration in settling the estate, yet could not, on account of the statute, be enforced in a suit at law. If the object of the chancery suit were to enforce the payment of the claim to the estate, and there were no other objections thereto, the district court's view would probably be correct, but as the chancery proceeding is in no sense an action on the claim, we are utterly unable to see how it can prevent the statute running.

Appellee's counsel argue that this is simply an action at law to try the issue formed in the chancery case upon the claim, under proper order of the court. Were this so, it possibly would be an answer to the foregoing objections, but we find nothing in the record supporting this position. No such issue is shown to have been formed, nor any such order made, in the chancery case.

The judgment of the district court must be

Reversed.