H. H. Poppleton and R. D. Marshall, for plaintiffs in error.

John W. Warrington, C. B. Matthews, and George O. Warrington, *contra*.

---

## SETTLEMENT OF ESTATES. 479

[Fayette Circuit Court, November Term, 1888.]

Stewart, Shauck and Shearer, JJ.

### HARROD v. CARDER'S ADM'R.

**1. Debt Against Distributee not to be Retained from His Share of Estate.**

In an action by the legal representative of a deceased person to recover a distributive share of the estate, a debt of such legal representative to the decedent, which was barred by the statute of limitations in the life-time of the latter, cannot be set-off against, nor retained out of, such distributive share.

**2. Statute of Limitations not Confined to Legal Remedies.**

The statute of limitations embraces both remedies at law, and those cognizable in equity.

Error to the Court of Common Pleas of Fayette county.

Harrod, one of the legal representatives of Catharine Carder, deceased, brought an action in the court of common pleas to recover of the defendant, Mc- Elwaine, as surviving administrator of said decedent, his distributive share of the estate.

The answer, or cross-petition, alleges that Harrod, in the life-time of the in- testate, became indebted to the latter upon two promissory notes; the first dated January 1, 1865, due in one year; the second dated June 20, 1865, and due in thirty days after date; both given for money loaned and advanced by said decedent to said Harrod, and still unpaid; and that the defendant had "applied said distributive share on the payment of said promissory notes."

The prayer is that "said promissory notes may be held and adjudged to be set- off as against said distributive share, and that said sum be applied as a payment of so much of said notes, and that the same be decreed to be a good and valid set-off to all distributee's share of said estate, to the full amount of said notes and interest as aforesaid, and for all proper relief."

A demurrer upon the grounds that the facts stated in the answer did not constitute a defense, and that the right of action upon said notes was barred by the statute of limitations, was interposed and overruled.

A reply was then filed, setting forth, in substance, that the right of action upon said notes was barred by the statute of limitations, before the death of Mrs. Carder, which, it was alleged, occurred on the thirteenth day of January, 1883.

A general demurrer to this reply was sustained; and the plaintiff not desiring to amend, or plead further, judgment was rendered in favor of the defendant.

To reverse the judgment of the court in overruling the first and sustaining the second demurrer, and in giving judgment for the defendant, this proceeding is prosecuted.

A. R. Creamer, for plaintiff in error, cited:　Statute of Limitations, secs. 4980, 4986, 4978, 4974, 4992; Scott v. Hicks, 7 O. S., 88; Walker's Am. Law, 651; McEwing v. James, 36 O. S., 152; Wallace v. Finnegan, 14 Mich., 170; Railroad Co. v. Railroad Co., 1 Ohio Circ. Dec., 60 (S. C., 1 C. C. R., 100); Horton v. Horner, 14 O., 437; Angell on Limitations, 183; Little v. Willson, 10 O., 24, 27; Yearly v. Long, 40 O. S., 27; 12 Peters, 56; 6 Peters, 61; 7 Johns, Ch., 90; 9 Pick., 242; 10 Wheat., 152; 9 N. J. Eq., 425; 28 Ill., 44; 2 Pearson (Pa.), 473; Drysdale's case, 14 Pa. St., 531; Milne's Appeal, 99 Pa. St., 483; Rose v. Gould, 11 E. L. & E., 10.

Mills Gardner, for defendant in error, cited:　Williams on Executors, 1304, and notes.

Shearer, J.

The only question presented by the record is whether a debt due to an intestate from his legal representative may be retained out of, or set off against, the distributive share of the latter, where such debt was barred by the statute of limitations in the life-time of the decedent.

The only authority to which we are cited, in support of the right of retainer, or set-off, is Williams on Executors, 1304, where the doctrine is asserted that "in a suit by a legatee to obtain payment of a legacy, out of the assets of the testator, in due course of administration, the executor may retain so much of the legacy as is sufficient to satisfy a debt due from the legatee to the testator, although the remedy for such debt was, at the time of the death of the testator, barred by the statute of limitations." The authorities cited by the editor in support of the author's view, are: Courtenay v. Williams, 3 Hare, 589; Rose v. Gould, 15 Beav., 189; Coates v. Coates, 33 Beav., 249, and Harvey v. Palmer, 5 DeG. & Sm., 427—all English cases. To the same effect is the case of Re Cordwell White v. Cordwell, 20 L. R. Eq., 644. And see also 33 L. J. Ch., 448; 12 W. R., 634; 9 L. T. (N. S.) 795; 4 Chitty's Eq. Index, 3528; 35 Beav., 629.

But we have been able to find but two cases in the United States which seem to adopt the English doctrine: Re Bogart, 28 Hun., 466; and Garrett v. Pearson, 29 Ia., 304. The latter but tentatively expresses the above view.

There is no doubt that the rule laid down by Judge Williams is in accord with the holdings of the English courts, which seem to be based upon the idea that equity requires that one who would take the bounty of his ancestor ought in good conscience to pay what he morally owes his estate. But the weight of authority in the United States is opposed to this, and more in consonance, we think, with justice.

In Pennsylvania (2 Pearson, 473), it was held that "where a claim by a decedent against one of his heirs was barred by the statute of limitations, in the life-time of the former, such debt cannot be set off against a demand by the latter for his share of the estate of the decedent."

So in Drysdale's case, 14 Pa. St., 531, the court say:　"In the distribution of an intestate father's estate the statute of limitations may be interposed by the children to claims of simple contract which were due by them to their father."

In Reed v. Marshall's, ex'r., 90 Pa. St., 355, decided in 1879, plaintiff sued the executors for a legacy. Defendants pleaded as a set-off two promissory notes of the plaintiff due the testator. Plaintiff replied the statute of limitations in bar of the proposed set-off, and to this defendant filed a general demurrer. Held: That the replication of the statute of limitations was good, and judgment should have been entered for plaintiff on the demurrer.

And in Milnes' Appeal, 99 Pa. St., 483, Held: "In distributing in the Orphans' Court, the estate of one deceased, the indebtedness of a distributee to the decedent, if barred by the statute of limitations, at the time of decedent's death, cannot be set off against the share of such distributee."

Angell, in his work on Limitations of Actions, sec. 74, lays down the general doctrine that "as an action of *assumpsit* cannot be maintained for a demand, after the time limited by the statute has elapsed, so a demand which has been barred by the statute, cannot be set off."

Mr. Wood, a recent writer upon this subject, agrees with the rule stated by Williams, founding his notion upon the English cases, and making no reference to the American authorities.

Counsel for defendant in error argue that the American cases do not apply; that the administrator, having in his hands the distributive share of plaintiff in error, had the right in equity to appropriate it to the payment of the notes, notwithstanding an action at law thereon was barred; that the moral obligation of the debtor to pay the debt warranted such application. No authority is cited, nor are we aware of any, supporting the proposition. It is at variance with the doctrine of Yearly v. Long, 40 O. S., 27, 34, where Dickman, J., in the opinion, says: "Formerly, in this state, statutes of limitation embraced only remedies at common law, and not those cognizable in equity. But now, the lapse of time sufficient to bar the remedy, whether of a legal or equitable character, must be determined by reference to the statutory mandate."

The statute of limitations is one of repose, not of presumption, as formerly held. Its object is to suppress fraudulent and stale claims from springing up after long lapses of time, and surprising the parties, or their representatives, "when all the proper vouchers and evidence are lost, or the facts have become obscure from efflux of time, or the defective memory, or death, or the removal of witnesses." It proceeds upon the expediency of refusing to enforce a stale claim, whether paid or not, and not merely upon the probability that a stale claim has been paid. Public policy requires that debtors shall not be vexed concerning demands which have become stale; and that creditors who delay collection beyond the statutory period shall lose their remedy. Nor is there any reason apparent why the rule *inter vivos* should not apply against the estate of a deceased person.

We hold, therefore, that the right of action upon the notes set out in the answer having been barred in the life-time of defendant in error's intestate, such notes are not available by way of set-off, the plea of which is in the nature of a cross-action. If an action could not be maintained thereon, they cannot be set off. Whims v. Grove, 1 Ohio Circ. Dec., 59 (s. c. 1 C. C. R., 98, 100); Wallace v. Finnegan, 14 Mich., 170.

It follows, that the demurrer to the reply should have been overruled; and the court below erred in holding otherwise.

Judgment reversed and cause remanded, with instructions to the court below to overrule the demurrer to the reply.

Stewart and Shauck, JJ., concur.