Shearer, J.
The only question presented by the record is whether a debt due to an intestate from his legal representative may be retained out of, or set off against, the distributive share of the latter, where such debt was barred by the statute of limitations in the life-time of the decedent.
The only authority to which we are cited, in support of the right of retainer, or set-off, is Williams on Executors, 1304, where tbe doctrine is asserted that “ in a suit by a legatee to obtain payment of a legacy, out of the assets of the testator, in due course of administration, the executor may retain so much of the legacy as is sufficient to satisfy a debt due from the legatee to the testator, although the remedy for such debt was, at the time of the death of the testator, barred by the statute of limitations.” The authorities cited by the editor in support of the author’s view, are: Courtenay v. Williams, 3 Hare, 589; Rose v. Gould, 15 Beav. 189; Coates v. Coates, 33 Beav. 249, and Harvey v. Palmer, 5 DeG. & Sm. 427 — all English cases. To the same effect is the case of Re Cordwell White v. Cordwell, 20 L. R. Eq. 644. And see also 33 L. J. Ch. 448; 12 W. R. 634; 9 L. T. (N S.) 795; 4 Chitty’s Eq. Index, 3528; 35 Beav. 629.
But we have been able to find but two cases in the United States which seem to adopt the English doctrine: Re Bogart, 28 Hun. 466; and Garrett v. Pearson, 29 Iowa, 304. The latter but tentatively expresses the above view.
There is no doubt that the rule laid down by Judge Williams is in accord with the holdings of the English courts, which seem to be based upon»the idea that equity requires that one who would take the bounty of his ancestor ought in good conscience to pay what he morally owes his estate. But the weight of authority in the United States is opposed to this, and more in consonance, we think, with justice.
*482 In Pennsylvania (2 Pearson, 473), it was held that “ where a claim by a decedent against one of his heirs was barred by the statute of limitations, in the life-time of the former, such debt cannot be set off against a demand by the latter for his share of the estate of the decedent.”
So in Drysdale’s case, 14 Pa. St. 531, the court say : “ In the distribution of an intestate father’s estate the statute of limitations may be interposed by the children to claims of simple contract which were due by them to their father.”
In Deed v. Marshall’s ex’r., 90 Pa. St. 355, decided in 1879, plaintiff sued the executors for a legacy. Defendants pleaded as a set-off two promissory notes of the plaintiff due the testator. Plaintiff replied the statute of limitations in bar of the proposed set-off, and to this defendant filed a general demurrer. Held: That the replication of the statute of limitations was good, and judgment should have been entered for plaintiff on the demurrer.
And in Milnes’ Appeal, 99 Pa. St. 483, Held: “ In distributing, in the Orphans’ Court, the estate of one deceased, the indebtedness of a distributee to the decedent, if barred by the statute of limitations, at the time of decedent’s death, cannot be set off against the share of such distributee.”
Angelí, in his work on Limitations of Actions, section 74, lays down the general doctrine that “ as an action of assumpsit cannot be maintained for a demand, after the time limited by the statute has elapsed, so a demand which has been barred by the statute, cannot be set off.”
Mr. Wood, a recent writer upon this subject, agrees with the rule stated by Williams, founding his notion upon the English cases, and making no reference to the American authorities.
Counsel for defendant in error argue that the American cases do not apply; that the administrator, having in his hands the distributive share of plaintiff in error, had the right in equity to appropriate it to the payment of the notes, notwithstanding an action at law thereon was barred; that the moral obligation of the debtor to pay the debt warranted such application. No authority is cited, nor are we aware of any, supporting the proposition. It is at variance with the doctrine of Yearly v. *483 Long, 40 Ohio St. 34, where Dickman, J., in the opinion, says; “ Formerly, in this state, statutes of limitation embraced only remedies at common law, and not those cognizable in equity. But, now, the lapse of time sufficient to bár the remedy, whether of a legal or equitable character, must be determined by reference to the statutory mandate.”
The statute of limitations is one of repose, not of presumption, as formerly held. Its object is to suppress fraudulent and stale claims from springing up after long lapses of time, and surprising the parties, or their representatives, “when all the proper vouchers and evidence are lost, or the facts have becbme obscure from efflux of time, or the defective memory, or death, or the removal of witnesses.” It proceeds upon the expediency of refusing to enforce a stale claim, whether paid or not, and not merely upon the probability that a stale claim has been paid. Public policy requires that debtors shall not be vexed concerning0 demands which have become stale; and that creditors who delay collection beyond the statutory period shall lose their remedy. Nor is there any reason apparent why the rule inter vivos should not apply against the estate of a deceased person.
We hold, therefore, that the right of action upon the notes set out in the answer having been barred in the life-time of defendant in error’s intestate, such notes are not available by way of set-off, the plea of which is in the nature of a cross-action. If an action could not be maintained thereon, they cannot be set off. Whims v. Grove, 1 C. C. R. 98-100; Wallace v. Finnegan, 14 Mich. 170.
It follows, that the demurrer to the reply should have been overruled; and the court below erred in holding otherwise.
Judgment reversed and cause remanded, with instructions to the court below to overrule the demurrer to the reply.
Stewart and Shauck, JJ., concur.