SEIGFRIED HIGHSTONE v. MARY E. FRANKS ET AL.

*Mortgage—Statute of limitations—Equity pleading.*

1. A complainant must so state his case in his bill that if it is admitted by the answer, or proved at the hearing, the court can decree some relief upon it; citing *Fox v. Pierce*, 50 Mich. 504; *Baent v. Kennicutt*, 57 Id. 270.
2. The defense of the statute of limitations can be raised as well under the answer of the defendant as by demurrer to the bill.
3. The certificate of a mortgagor that at a certain date there is a certain amount due upon the mortgage will not operate to renew the mortgage, or in any wise interrupt the running of the statute of limitations against it.

Appeal from Mackinac. (Steere, J.) Argued May 13, 1892. Decided July 28, 1892.

Bill to foreclose a mortgage. Defendant Mary E. Franks appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*C. R. Brown,* for complainant.

*Ed. E. Kane,* for appellant.

LONG, J. The bill in this case was filed September 21, 1885, to foreclose a mortgage given November 29, 1855, by Edward A. Franks and Mary E. Franks, his wife, to the

American Board of Commissioners for Foreign Missions, upon land adjoining the Mission House on Mackinac island. The mortgage secured four promissory notes made by Edward A. Franks, the last of which matured September 13, 1859. There is no averment in the bill that any payment was ever made upon these notes, but upon the notes themselves in evidence there are several payments indorsed, the last of which is dated August 18, 1870. It appears that on August 30, 1876, the mortgagee, for a valuable consideration, assigned all of these notes and the mortgage to Mary E. Franks, she becoming the owner and holder of them under such assignment. On September 14, 1878, Mary E. Franks gave to the complainant her own note for the sum of $1,-075.40, payable on or before September 14, 1878, with interest at 10 per cent., payable annually. To secure the payment of this note, Mary E. Franks assigned to the complainant the above-described mortgage, in which assignment she guaranteed that there was due on said mortgage and accompanying notes the sum of $1,075.40. It also appears that on September 24, 1875, Edward A. Franks had executed and delivered his note to the complainant for $478.70, due in August, 1876, with interest at 10 per cent., and that on September 14, 1878, he had also executed and delivered to the complainant another promissory note for $596.70, due one day after date, with 10 per cent. interest. It was to take up and pay these two notes that Mary E. Franks made her note above mentioned, and assigned the mortgage. The assignment from Mary E. Franks to the complainant of said mortgage reserved, as exempt from the operation of the mortgage, a parcel of land supposed to contain about 16 acres granted by the United States to Edward A. Franks, and described as—

" The lot of land in the village of Mackinac upon which stands the 'Mission House,' so called, and surrounding the

same, and adjoining private property on the west and south, containing 16 acres, more or less."

The assignment also contained a provision that no proceedings should be had to foreclose said mortgage under two years from September 14, 1878. Indorsed on the back of the assignment, under date of September 14, 1878, is a writing of Edward A. Franks, the original mortgagor, to the effect that said mortgage was still a valid and subsisting lien upon the property described therein. No payments have been made to the complainant on the note of $1,075.40 given him by Mary E. Franks, nor has any portion of the mortgage debt been paid. The court below made a decree in the case, finding due upon the note of Mary E. Franks to the complainant to June 15, 1889, the sum of $1,884.85, and ordering a sale of the premises described in the mortgage, except this parcel exempted in the assignment to the complainant.

It appears that Edward A. Franks, the mortgagor, died January 24, 1881. The bill was amended by the order of the court after it had been filed, by adding the names of the heirs at law of Edward A. Franks, and making them parties defendant. Parties holding subsequent incumbrances were also made parties defendant. From the decree of the court below, Mary E. Franks alone appealed. It is stated here in open court that Mary E. Franks died in November, 1891.

The defense to the bill is, in effect, the plea of the statute of limitations, under How. Stat. § 8709 (Act No. 204, Laws of 1879), which provides:

"No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen years from and after such mortgage shall become due and payable, or within fifteen years after the last payment was made on said mortgage: *Provided, however,* that this act shall not be construed to

apply to mortgages which have been due fifteen years or more, or the last payment upon which was made fifteen years or more prior to the passage of this act; but in all such cases no suit or proceedings shall be maintained to foreclose the same unless commenced within five years after this act shall take effect."

This act took effect August 30, 1879. The mortgage was given November 29, 1855. The last payment was made upon it August 18, 1870. The statute of limitations would begin to run from the date of this last payment, and the 15 years would expire August 18, 1885. The bill was filed September 21, 1885, over a month after the expiration of the 15 years from the time of the last payment, and consequently any suit or proceeding upon it would be barred, as the mortgage is to be construed as falling within the proviso of this act. By the terms of this proviso, the act is not to apply to mortgages which had been due 15 years or more prior to the passage of the act, or where the last payment was made 15 years or more prior thereto. The last note which the mortgage was given to secure matured September 13, 1859, so that the 15 years after the mortgage matured would bring the time to September 13, 1874, which was prior to the passage of the act of 1879. The mortgage then falls within the proviso of that statute, and under it the mortgagor would have five years from the time the act took effect to commence foreclosure proceedings. The act taking effect August 30, 1879, foreclosure proceedings could be commenced at any time prior to August 31, 1884. On that date it would be barred under the proviso of this statute. The bill was not filed until more than a year after the expiration of the five years. *McKisson v. Davenport,* 83 Mich. 211.

It is claimed, however, that the stipulation in the assignment by which the complainant agreed not to foreclose for two years from the date of the assignment, and the further stipulation that there was $1,075.40 due and payable on the

mortgage, take the case out of this statute, and rebut the presumption of payment; that by this agreement Mrs. Franks recognized the old mortgage and notes as subsisting, valid obligations at the time of her assignment to the complainant; that her husband's acknowledgment on that day as mortgagor operated to renew the mortgage so as to continue it in force for 15 years more; that Mrs. Franks' assignment of the mortgage to the complainant, for the purpose of securing a debt, would constitute a mortgage of the old mortgage, and would extend the old mortgage 15 years from the time this assignment was made.

We do not agree with this contention. The mortgage was 19 years past due when assigned. The 2 years provided for in the assignment expired September 14, 1880, and complainant waited 5 years and 7 days after that date before he filed his bill. The mortgage was assigned as security to the note of Mary E. Franks. The 15 years from the time of the last payment upon the mortgage had not yet elapsed when this assignment was made, and the mere fact that the mortgagor certified that there was $1,075.40 unpaid upon the mortgage at that time was not a promise upon the part of the mortgagor which renewed the mortgage and gave it new life from that date; its only effect being to estop the mortgagor from claiming that that amount was not due and payable at that time, when he might thereafter be called upon by the assignee of the mortgage to pay the Mary E. Franks note, upon her failure to pay it.

The case does not fall, as claimed by counsel for complainant, within the principle of *Wallace v. Finnegan,* 14 Mich. 170, and *Blair v. Carpenter,* 75 Id. 167. In the latter case there was a second mortgage given, and the contention was whether it was given as a payment to be applied on the first mortgage, and this Court held that it was intended as a payment, and that, therefore, the first

mortgage was brought out of the bar of the statute by the payment. In the present case it is not claimed that any payment was made upon the mortgage, but that the mortgagor simply certified that at a certain date there was a certain amount due upon the mortgage. This would not operate to renew the mortgage, or in any wise interrupt the running of this statute against it.

The defendant Mary E. Franks answered the bill. One of the defendants demurred, but the only defendant appealing from the decree of the court is Mary E. Franks. It is therefore contended that under her answer she is not in a position to take advantage of the bar of the statute, but that the question should have been raised by demurrer by her. It was said in *Campau v. Chene*, 1 Mich. 410:

"If the complainant has any ground of exception within the statute to prevent the bar, or ground to rebut the presumption arising from length of time, it should be stated in the bill. * * * If a complainant merely states a claim founded on such a distance of time that the court, upon the analogy it has adopted with respect to the statute of limitations, will refuse to assist, he may then be considered as having stated himself out of court, and he may be told that, if any peculiar circumstances existed in his case which would have entitled him to relief, he ought to have brought them forward upon the record."

The rule seems to be settled that the complainant must, in his bill, so state his case that if admitted by the answer, or proved at the hearing, the court can decree some relief upon it. *Fox v. Pierce*, 50 Mich. 504; *Baent v. Kennicutt*, 57 Id. 270. We think the question may be raised as well under the answer as by demurrer to the bill. The court below was therefore in error in decreeing foreclosure of this mortgage. It was barred by the statute above cited, and complainant's bill should have been dismissed.

The decree of the court below is reversed, and the bill dismissed, with costs.

MORSE, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.