MICHAEL E. MOCKLER, Executor, Appellant, v. MAY L. LOH-
MAN, Appellee.

**PLEADING:** Sufficiency of Denial. An allegation by plaintiff that
1 defendant was a principal on a promissory note need not neces-
sarily be met by a general denial,—is properly met by an alle-
gation by defendant that he was a surety only.

**PRINCIPAL AND SURETY:** Non-Receipt of Consideration. The
2 fact that the signer of a promissory note received no part of
the consideration may have persuasive bearing on the issue of
principalship or surety.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

FEBRUARY 17, 1919.

ACTION in equity by the executor of a deceased surety
on a note, to recover the amount paid in satisfaction of the
note. Plaintiff claimed that defendant and her husband

were principals, and that the deceased was surety. Defend-
ant claimed, and the court so found, that she was a cosurety
with the deceased, and that, as such, defendant was liable
to the estate of decedent for contribution only, and rendered
judgment against the defendant for one half the amount
claimed by the plaintiff. The plaintiff appeals.—*Affirmed.*

*C. J. Lynch,* for appellant.

*Hamiel & Mather,* and *Grimm, Wheeler & Elliott,* for
appellee.

PRESTON, J.—On May 16, 1904, the defendant and her
husband, and deceased, Jane M. Monahan, gave their note
for $1,000 to Anna N. Dean, payablé February 15, 1907.
The note is signed first by H. W. Lohman, defendant's hus-
band, then by defendant, then by Mrs. Monahan. Anna N.
Dean is a sister of the defendant's. Mrs. Monahan, deceased,
was the mother of Mrs. Dean and of defendant. Mrs. Mona-
han died testate, in August, 1916. At the time the note was
executed, H. W. Lohman was in the clothing business. The
defendant, his wife, had no connection with, or interest in,
such business. It is conceded that Mrs. Monahan, deceased,
was surety on the note. After her death, the payee filed a
claim against her estate, and the full amount of the note was
paid by the plaintiff. This action is brought to recover from
defendant, May L. Lohman, $1,337.05, the amount paid, to-
gether with interest. The petition alleges that H. W. Loh-
man and May L. Lohman were the principal makers of said
note, and received the entire consideration therefor. The an-
swer of the defendant, May L. Lohman, states that the note
set out in the petition was signed by her as surety only, and
not as one of the principal makers thereof, and that said note
was also signed as surety by Mrs. Monahan, at the request
of the principal maker, H. W. Lohman.

1. Appellant's first point is that, under the pleadings,
there is no issue as to the defendant's being surety, because

there is no general denial in the answer. It is true that there

**1. PLEADING: sufficiency of denial.**
is no such general denial, but the answer does expressly aver that she was surety only, and not one of the principal makers thereof. We think this was a sufficient denial of the allegation in the petition that defendant was a principal.

2. There are other questions argued, and numerous authorities cited. Some of the questions so argued seem not to be in the case. It is conceded by appellant, in argument, that

**2. PRINCIPAL AND SURETY: non-receipt of consideration.**
the sole question is whether deceased, Jane M. Monahan, and the defendant, were co-sureties on the note in question, as held by the trial court, or whether; as claimed by plaintiff, Jane Monahan was a surety for her daughter on such note. Appellee makes substantially the same concession. Appellee contends that the liability of the parties is determined by the fact as to who received the money borrowed, and for which the note was given, unless it be shown that one surety requested another surety to sign, as surety, with an agreement to hold such surety harmless. As we look at it, it is almost entirely a question of fact. There is but little evidence. The trial took place some twelve years or more after the execution of the note. The recollection of the defendant is quite indistinct, as to the transaction of signing the note. The defendant and her husband were first called as witnesses for the plaintiff, and testified as to signing the note, and as to the relationship of the parties, Mrs. Lohman stating that the signature was hers, but that she didn't remember signing it. She says, too, that she does not remember whether she was present when her mother signed it. In answer to this question, she says:

"Q. Do you remember about your mother signing? A. I remember mother was the one who helped get the money for me,—that is all I know."

Appellant gives significance to and relies upon the an-

swer of the defendant just given; but both the defendant and her husband testify positively that defendant did not receive any part of the money for which the note was given. The husband thinks the money was used in the store. He testifies that he borrowed the money, and that he received it; that his wife received no part of it. He doesn't remember whether his wife was present when he got the money or not; he doesn't remember the details of the transaction; says that he and his wife were in straightened circumstances financially, at that time, and, so far as he knows, his wife knew nothing of the appeal to the relatives for assistance. The wife testifies that she did not receive any of the consideration of the note; that she did not, on May 16, 1904, seek a loan for herself from Mrs. Dean. She says she doesn't know that Mrs. Dean ever assisted her husband, and that Mrs. Dean did not assist the witness much. This is the substance of all the evidence. We give some weight to the finding of the trial court, in an action of this kind. From our own reading of the testimony, we are satisfied with the finding of the trial court. There is some contention by appellant that, because of the relationship of the parties, there is a presumption that, in signing the note with the daughter and her husband, Mrs. Monahan was surety for the daughter. But if there is such a presumption, it is not conclusive, and it is overcome by the testimony. Appellee cites us to 32 Cyc. 16, to the proposition that, where two or more parties are sureties on the same instrument, the presumption is that they are co-sureties, and further, that a wife, by signing her husband's note, does not become a principal. *Sponhaur v. Malloy*, 21 Ind. App. 287 (52 N. E. 245) ; 32 Cyc. 22. The testimony shows that defendant received no part of the consideration, or money borrowed, and it does not show that she had anything to do with securing the signature of the other surety to this note. This being so, defendant and her mother are co-sureties, and equally liable for the amount of the debt,

and must share therein. Neither can force the other to bear the entire burden. Such is appellee's contention, and, in support, she cites 32 Cyc. 15, 16, 21, 22, and 276. Appellee also cites 21 Cyc. 1465, to the point that, where a wife signs a note for a consideration that moves to her husband, she or her estate receiving no part of the benefits, she will be regarded as a surety. Appellant cites cases to the effect that a gift made by an intestate to a daughter's husband is an advancement to her, though she had no knowledge of the transaction, and never had any benefit from the gift; and that a gift of money or other personalty to the husband by a parent of the wife will be treated as an advancement to the wife. But we think the transaction in question was in no sense a gift. The plaintiff paid the note by reason of a binding, legal obligation by the deceased to pay the note of H. W. Lohman, if he did not pay it. The deceased executed her will on May 12, 1916, about twelve years after the execution of the note, and does not mention the deduction of this obligation from the bequest to defendant.

It may be that we have gone into these matters more fully than need be, since, as said, it is almost entirely a question of fact. Without further discussion, we are satisfied with the conclusion of the trial court, and the judgment is, therefore,—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.