IN RE JANE M. MONAHAN.

MAY L. LOHMAN, Appellant, v. MICHAEL E. MOCKLER, Executor, Appellee.

**WILLS: Construction—Withholding Legacy to Pay Debt to Estate.**
1  A provision in a will that certain named legatees shall not receive their legacies until they have discharged their indebtedness to a named party, does not impliedly deprive the executor of the right to withhold from the share of *another* legatee a sum which the executor has been compelled to pay from the funds of the estate to the

same named party, on a debt on which testator and said latter legatee were cosureties.

**EXECUTORS AND ADMINISTRATORS:**   Distribution of Estate—
2   **Deduction in re Suretyship.** An executor who has paid a duly filed, allowed, and unchallenged claim against the estate may, in order to reimburse the estate, withhold from the legacy of one who was cosurety with testator on said claim one half of the amount so paid, *even though the plea of the statute of limitation would have defeated an ordinary action on said claim.*

**DESCENT AND DISTRIBUTION:**   Deducting Barred Claim from
3   **Legacy.** An executor, in making distribution of the estate, may deduct from a legacy the amount equitably owed by the legatee to the estate, even though an ordinary action on such claim would be defeated by a plea of the statute of limitation.

**APPEAL AND ERROR:**   Probate Proceeding not Reviewable De Novo.
4   Probate proceedings are not reviewable *de novo* on appeal. It follows that a fairly supported finding by the trial court that a legatee was not a principal in a note filed against the estate, but was a cosurety with the testator, is final.

*Appeal from Cedar District Court.*—F. O. Ellison, Judge.

DECEMBER 31, 1920.

BOTH parties have appealed. The controversy is over an attempt to charge the share of appellant Lohman with the payment of two notes, which the husband of Lohman, May L. Lohman herself, and decedent signed. The executor has paid these notes, upon allowance of a claim therefor. The further facts appear in the course of the opinion.—*Affirmed.*

*Hamiel & Mather* and *Grimm, Wheeler, Elliott & Jay,* for appellant.

*C. J. Lynch,* for appellee.

SALINGER, J.—I.   In his first progressive report, the appellee executor sets forth that among claims filed with him were two notes made payable to Anna M. Dean; each bears date May 16, 1904; each is for $1,000, with interest from date; one became due by its terms on February 15, 1906; the other on February

15, 1907; each is signed H. W. Lohman, May L. Lohman, Mrs.
Jane Monahan. H. W. Lohman and May L. Lohman are hus-
band and wife. The payee, Anna M. Dean, and May L. Lohman
are the daughters of Jane Monahan. The report declares that
the executor cannot make final settlement and accounting, be-
cause litigation is pending between the estate and May L. Loh-
man with reference to her liability for payments which the estate
has made on said note. He states that the claim based on said
notes was allowed and paid by him, and that he paid the total
sum of $2,592.18. He recites that he has brought action against
May L. Lohman to recover on the note due February 15, 1907;
that decree was entered therein, finding that decedent, Jane
Monahan, and May Lohman were cosureties on said note, and
that, therefore, the estate was entitled to recover but half the
amount paid on said note by the executor, to wit, $682.30. He
shows he has appealed from the refusal of the court to let him
recover the other half of the payment he had made on said note.
(And that question is one question in this appeal.)

The executor recites in his report that Jane M. Monahan,
his decedent, was a surety only, and that, from such information
and advice as he could obtain, he was of opinion that the two
Lohmans were principals, so far as decedent is·concerned, and
that, therefore, May L. Lohman is liable to the estate for all
that the estate has paid on both notes. He prays approval of
his report.

May L. Lohman objected to the payment of the $2,592.18
which the executor had made on the two notes. She objects
to having deducted in distribution and from her share the sum
of $1,376.64, which the executor alleges he paid on claim for
the note due February 15, 1906. One ground of this objection
is an assertion that this payment is not a bona-fide one, but was
only a conditional one. She prays that no deductions be made
from her share on account of the payment of said note. She
prays further that no final order be made as to the $688.52
which is being withheld by the executor from her share on
account of payment made by him on one of the notes, and that
no final order be made in these premises until final decision by
the Supreme Court. The objections state, by way of argument,
that objector was not a principal debtor on the note, but only

a cosurety with decedent, and that neither of them received any benefit of said note, and that neither requested the other to sign as surety. All the objections are elaborated by various arguments. These will have due attention in the further progress of the opinion.

In passing upon the objections, the court ruled that H. W. Lohman alone was the principal, and that the other signers signed as cosureties, and are liable as such. It was ordered that, in making distribution, the executor shall deduct from the share of May L. Lohman half the amount which the estate has paid on one note, and that the other half should be borne by the estate, and that the distribution should be made in harmony with this finding. There seems to be no serious objection on part of May L. Lohman to having the estate as a whole charged with the claim made on both notes. She does object to having her share as legatee or devisee under the will of Jane Monahan charged with anything on account of said notes. As already said, both she and the executor have appealed. While, in strictness, nothing seems to be involved except the payment of the note due February 15, 1906, the decision of the questions presented on this appeal must, of necessity, determine what shall be done with reference to the payment of the other note.

II. Assume, for the purposes of present statement, that decedent and May L. Lohman are cosureties, and it results that, unless the claim is in some manner barred, the trial court rightly found May Lohman owes half of the notes, and the estate of decedent owes the other half. So assuming, why was it error for the court to order that half of the note owed by Lohman should be deducted from what she received under the will made by her cosurety? Are the arguments advanced against such deduction tenable? One of these arguments is that, since the will of decedent, under which Lohman takes her share, provides that legatees or devisees named shall not be paid their share until they discharge their indebtedness to Anna M. Dean, and since no such provision is found as to any indebtedness from May Lohman to Dean, that, therefore, the will controls, and that, as a consequence, nothing should be deducted from Lohman's share, because requiring such deduction of the other legatees

1. WILLS: construction: withholding legacy to pay debt to estate.

and devisees, without including Lohman, is equivalent to a binding provision in the will that no deduction shall be made from the share of Lohman. The ultimate argument is that, if the will be taken by its four corners, it is made to appear testator did not intend there should be any deduction made from what was devised to May Lohman.

It may be conceded that the will could have created a species of spendthrift trust, and could have effectively provided that nothing willed to May should be seized for any of her debts. But there is no such provision, unless it can be construed out of the failure to name May as one of those who should not receive their share under the will until they paid Dean. We do not think this failure to name her in that connection has the effect of preventing Dean from seizing any property owned by May in satisfaction of the debt owed Dean, and that nothing found in the will makes the share given Lohman immune from such seizure. One ground upon which we reach this conclusion is that the debts to which the will does refer as deductible were debts to which testatrix was not a party, and, wherefore, the will spoke to debts with which the adjustment of the Monahan estate would have had no concern, if such provision as to deduction had not been made in the will. In a word, we are of opinion the will has nothing to do with the question of what payment May L. Lohman shall be compelled to make on the notes she has signed, and that it does not control on what property of Lohman may be seized in satisfaction of such debt. We are unable to see how *In re Estate of Fussell*, 129 Iowa 498, helps either party on this point.

III. We do not question it to be a general and well-settled rule that, as between cosureties, the only right to recover is based on a duty to contribute; and that no right of contribution exists where one surety has made a payment when under no compulsion to pay—makes a voluntary payment. See 32 Cyc. 281. But is this executor in the position of one who asks contribution from a cosurety on account of a voluntary payment made? We answer, "Nay." He is not a surety at all, and is asserting no rights of a surety. We approve the holding of *Auchampaugh v. Schmidt*, 70 Iowa 642, 644:

2. EXECUTORS AND ADMINISTRATORS: distribution of estate: deduction *in re* suretyship.

"But a surety paying a debt after it has become barred against the principal would be remediless."

But, as said, this executor is not a surety at all, and paid nothing as a surety. True, he paid a claim based on these two notes, at a time when, against a suit on the notes, the statute of limitations could have been successfully asserted as a bar. The claim upon these notes was duly filed. It was allowed and established against the estate as a claim of the third class. This allowance was not challenged, and no exception thereto was taken. Its payment thereafter was not a voluntary payment. It was the duty of the executor to pay the allowed and established claim. This is not changed by the fact that Dean, the payee of the note and the claimant thereupon, agreed to hold the executor harmless if, after payment, the court declined to approve the claim. If the payment was not disapproved rightly, if, in other words, payment was due, such agreement is immaterial. Its existence cannot affect the question whether the executor was justified in making payment.

It is true, as well, that appellant is not within the rule under which a debt owed to an estate by a legatee may be deducted from that share, even if the debt owed be barred by limitations. See *In re Estate of Fussell,* 129 Iowa 498; *Garrett v. Pierson,* 29 Iowa 304; *Boden v. Mier,* 71 Neb. 191 (98 N. W. 701, at 704); 14 Cyc. 122. She is not within this rule, because the notes she signed were not made payable to or owned by the estate of Jane Monahan, deceased. So far, nothing said justifies a decree that one half of the amount owed on the note should be deducted from the share given Lohman by the will of Monahan.

3-a

But the order that said share be charged with half of the amount owed on the note is warranted by an equally well-established rule. It is to be differentiated from other rules which apply to cases where the fund from which a deduction is attempted to be made is not furnished by the testator, and where the estate would lose nothing from failure to make the deduction. In the instant case, assuming that Jane Monahan

3. DESCENT AND DISTRIBUTION: deducting barred claim from legacy.

is a cosurety, if her fellow surety be released from payment, it will work that the estate of Monahan, one of the sureties, will pay the whole debt, and the other surety will pay nothing. Were it the abstract question whether May L. Lohman can be forced to contribution because her cosurety voluntarily paid the debt when it was barred, it would be held that such contribution could not be enforced. But that is not an exact statement of the concrete situation. The question here is whether the estate shall pay the whole debt, merely because decedent was one of two sureties—must pay all, and also deliver to the other surety an unexecuted gift made to him by his cosurety. In fewer words, whatever may be the law on contribution where a barred debt has been voluntarily paid by one surety, it furnishes no warrant for compelling this estate to pay the entire debt without deducting anything from Lohman's share. We think it well-settled law, and to be equitable, that, if Jane Monahan's representative must pay this debt, the other surety should not, without deduction, take a share given by Jane Monahan. The authorities fully sustain this view.

It was said in *Garrett v. Pierson,* 29 Iowa 304, 307:

"The claim may be barred by the statute, and yet be properly set up as a claim against defendant in settling his distributive share of the estate. It may, as we conceive, be taken into consideration in settling the estate, yet could not, on account of the statute, be enforced in a suit at law."

In *Senneff v. Brackey,* 165 Iowa 525:

"The general rule as to personal property is that, as against a bequest to one who is already indebted to the estate, the amount of this indebtedness may be set off or detained against the legacy. And this may be done, as we understood it, whether the legatee be solvent or insolvent."

In *Rogers v. Murdock,* 45 Hun 30 (9 N. Y. St. Reporter 660), the court said:

"If, in the present case, the executor were suing to recover the claims above mentioned, the rule would apply. But that is not the case. The only object of the proceeding instituted by the executor is to settle his accounts and distribute the assets of the estate. * * * As no affirmative action has been instituted, or is necessary on his part, to make his lien and right

of detention available, the statute of limitations does not stand in his way."

In *Holden v. Spier*, 65 Kan. 412 (70 Pac. 348), the rule we are asserting is said to be the equitable one, upon the reasoning—

"That the indebtedness of an heir of the estate should be regarded as assets of the estate already in his hands, and that his legacy or share is, to that extent, satisfied. It would be grossly inequitable to allow an heir to obtain his full share of an estate while he was withholding a portion of the same that was already in his hands. * * * The lapse of time does not extinguish an obligation nor satisfy a debt, but the statute simply bars the remedy, and prevents the use of the obligation or debt as a cause of action or affirmative defense."

*Tinkham v. Smith*, 56 Vt. 187, deals with it as a matter of accounting, an ascertainment of what the distribution on each share should be.

On the whole, then, the statement that, on suit brought upon these notes shortly before the death of testator, the statute could have been successfully interposed, submits a fallacious and irrelevant test.

IV. The cross-appeal of the executor rests upon the single proposition that Jane Monahan was not a cosurety, and that, as between herself and May L. Lohman, May was a principal, and Monahan her surety. If we may hold that this state of facts is established, it would follow that the court should have ordered the deduction of the entire debt from the share of Lohman, instead of but half. The appellant contends that the status of these two has been settled in the former appeal (185 Iowa 448). We agree with appellee that this fact question has not been adjudicated by the decision on said first appeal. The record on this appeal has testimony which was not presented in the trial reviewed on the first appeal. But the fact remains that the review is not *de novo*. *In re Estate of Clark*, 151 Iowa 511, at 518. The trial judge found that Jane Monahan and May L. Lohman were cosureties. That finding is conclusive upon us, if the same has any substantial support in the record. We do not think this is changed by the fact that the executor brought suit

4. APPEAL AND ERROR: probate proceeding not reviewable *de novo*.

as to the other half, and styled it a suit in equity. The question we have is one of probate law. The executor contends that the testimony of Lohman shows clearly that the mother, Jane Monahan, was anxious to help Mrs. Lohman, and, for that purpose, obtained the consent of Mrs. Dean to make this loan. The evidence shows the note was signed by appellant and her husband, was then sent to Tipton, thereafter signed by the mother, and that then the money was furnished. Speaking more in detail, the evidence tends to show that, shortly before the note was executed, Mrs. Monahan visited Mrs. Lohman at Clarence; that, on her return, she went to Mrs. Dean, and said:

"Henry Lohman would like to buy out the business he and his father were in together, and if I would furnish the money, she would go on the note with them. She said Mrs. Lohman and my sister would sign the notes too; and on that arrangement, I agreed to make the loan."

It appears further that, when the mother signed, May and her husband had already signed. Reasonable minds might well differ on whether Mrs. Monahan was a cosurety, or the surety of Mrs. Lohman. It follows we cannot disturb the finding of the trial court that the relation was that of cosureties. This works an affirmance of the refusal to permit more than half the debt to be deducted from the Lohman share.

The conclusion reached makes it unnecessary to consider other points respectively made.

It is our conclusion that on both appeals the judgment below must be—*Affirmed.*

Weaver, C. J., Evans and Preston, JJ., concur.