Mr. Justice Wescott
delivered the opinion of the court.
This is the second appeal in this case. Upon the former appeal the case was stated, and for the case up to a reversal of the decree dismissing the bill and remanding the cause, see 17 Fla., 304.
Upon the cause being remanded the Chancellor made a decree of reference to a master following the general language of this court without any specific directions.
Two grounds of appeal are here stated based upon this action. The first is, that before the reference was made there should have been a decree in the Circuit Court vacating the decree dismissing the bill. The decree of this conrfc reversed the decree of the Circuit Court, and it was unnecessary for that court to take any further action in the premises than was directed in the mandate based upon tlie decree here entered. That mandate directed that an account between the parties should .be stated upon principles consistent with the opinion then rendered, and for further proceedings conformable to law and equity in that behalf. Tlie Chancellor, in complying with this mandate, simply ordered the master “to state said account," .and that in doing so his statement of account should be in accordance with said opinion filed herein. It is insisted that there should have been “direction to the master as to the rules he should be governed by in stating the account."
The decree which should have been rendered was, the usual interlocutory decree in cases of accounting between trustee and cestui que trust and executor and legatee. The bill was for an accounting of this character based upon a conditional legacy, the executor being the trustee. The answer did not deny the legacy, but affirmed its forfeiture by condition broken. So tlie Circuit Court held and dismissed the bill. The questions in this court upon that appeal therefore did not necessarily reach any matter of detail as to the accounting. As to these matters there was no action here for review and the ease was remanded with directions to state an account between the parties, upon principles consistent with the opinion rendered, and for further proceedings. The decree should have in terms directed the master in stating the account to make all just allowances to the parties. But we think there is but little in this objection, not enough surely to reverse the decree now before ns, if it is in other respects correct. To the Master's report, which was confirmed, and upon which the final decree was based, there were exceptions, which were overruled, and the question now here is, were these exceptions properly disallowed.
The first, second and third exceptions are because the Master refused to allow as a credit to the executor and trustee in the accounting one half of the sums he had paid for taxes due upon the trust estate.
The trustee here had a right to a credit for one half of all proper disbursements. This right exists as an incident to the plaintiff's right to an account, • an accounting being the ascertaining of a balance due. Trustees have an inherent equitable right to be reimbursed all expenses which they reasonably and properly incur in the execution of the trust, and it is immaterial that there are no provisions fox such expenses in the instrument of trust. Perry on Trusts, §§907,910,913. If hé has. power of managing the estate, and such power under this will, taking it altogether, is clear, (so far as consistent with the contemplated coresidence of the legatees upon the homestead,) he is éntitled to all the fair, reasonable and necessary expenses of keeping up the estate. Taxes paid are certainly such expenses, and to the extent that the legatee here is interested in the estate as compared with the entire estate, to such extent must she in this accounting be chargeable with these taxes, without interest thereon. Because the bonds and the land are distinct subjects, does non prevent an expense incurred for the protection of the lands, such as taxes, from being payable out of funds realized from the bonds. They are each subject to the same trusts in the hands of the same trustee. Perry on Trusts, 907; 21 Beav., 508.
No other allowance is claimed.
The next exception overruled is because the Master re *156 fused to allow credit to the trustee for the amount and interest upon the following -note belonging to the trust fund: $75.00. Marianna, Florida, January* 29, 1877.
On or before the first day of January next we, or either of us, promise to pay to Alexander Merritt, trustee, or bearer, seventy-five dollars for one half of the land lying on the east side of the Chipóla river near Merritt’s bridge, and more particularly known as the old homestead of E. J. Merritt, deceased.
' W. F. Jenkins,
S. E. Jenkins.
The consideration for this note was the joint use of the trust estate by her husband and herself. Here a part of the consideration enured to her benefit, and from the surrounding circumstances disclosed in the record, the only fair conclusion is that the note was taken in view of the relation of trustee and cestui que trust, as well as in view of the fact that moneys were coming to the trustee, from which this amount might be realized. It was then a contract for her benefit, upon the credit of her interest under the will, and a court of equity should allow the trustee to charge her separate estate with it. 7 Paige, 9; 20 Wend., 570; 22 New York, 265; 11 Ves., 596; 17 Ves., 365; 2 Story Eq., §1,400.
Where the promise and debt is on her own account, and here it is her several promise .to the trustee as such, although her husband unites therein, as one of the makers of the note, and she or her separate estate receive a benefit, equity will lay hold of these circumstances and compel her property to respond to the engagement.
What is here .to be charged is her income, and there is nothing in the nature of the trust under the will to prevent it. That income is in the form of a legacy in the hands of the executor whom she is calling to account, and the executor has a right to retain upon the principle that a legatee or distributee is not entitled to his legacy or distributive share while he retains in his own hands a part of the fund out of which his own and other legacies or distributive shares ought to be paid, or which are necessary to extinguish other claims on that fund. A legatee cannot withhold from the trust fund that which he owes, and at the same time have all that is coming to him. In no part of this trust estate has this legatee an interest independent of charges incurred in its management, nor has she a right to refuse to pay what she owes the estate, and at the same time have all of the money that is coming to her, and that is the whole of this case as now presented. It is against conscience that she should receive anything out of the fund without deducting therefrom the amount of that fund which is already in her hands as a debtor to the estate. 2 Barb. Chy. Repts, 533; 2 P. Wms., 128; 5 Ves., 243.
The next exception overruled was because interest was allowed since the filing of the bill.
The interest in this case should be calculated up to the Master’s report. In order that there may be no misconception as to the rule to be adopted in this case we will state it fully.
The plaintiff is entitled to simple interest from the date each annual payment became due up to the date of Master’s report. The defendant is entitled in this case to no interest upon the amounts paid by him for taxes, and which are chargeable against the legacy. These payments do not exceed in any case the amount of the annual sum due. The Master should calculate the interest upon the legacy up to the time that the payment for the tax is made. To the discharge of this interest the amount of the tax is to be applied. If it exceeds the interest then due, then the excess is to be applied to the principal of the legacy, and what remains will constitute a new principal upon which the interest is to be calculated. If the amount paid for taxes is less than the interest due, then it is to be deducted from the interest, but the excess of interest is not to be added to the principal. The interest is to be continued upon the same principal, up to the date of the report. Thus - applying the payments for taxes, the Master will find the aggregate indebtedness, principal and interest, due the legatee. From this sum he will deduct the amount of the note of the legatee with interest to the date of his report, and that sum will be the balance due by the defendant. Seaton on Decrees, §59; 2 John. Chy. Rep., 213; 1 Barb-Chy. Prac., 515, 516; 2 Fla., 445.
The decree should be for the sum found due by the Master, to bear interest from the date of the Master’s report to the day of payment, and not for such a sum as is equal to the amount of the Master’s report with interest thereon to the date of the decree.
As to the remaining portion of the decree to which exception is taken, we will say that it is the duty of this trustee to make the annual payments in accordance with his trust, all due allowances being made him for proper and necessary expenses and charges so long as Miss Anna Maria Merritt lives, and Mrs. Sarah E. Jenkins resides upon the' place and is willing to comply with the condition of the legacy so far as it is her power to do so.
In reference to the question of contempt brought to our attention, we cannot presume that the defendant in this case will fail to pay the money to be found due upon an accounting which allows him all he asks to the items, and for that reason we -will say nothing of it. So far as it enters into the present decree, it fails by its own limitation with the decree.
The decree is reversed and the case will be remanded for further proceedings consistent with the two opinions herein rendered, and conformable to law and equity in this behalf.