Fiscus *et al. v.* Fiscus.

No. 15,831.

FISCUS ET AL. *v.* FISCUS.

127 283
149 590
149 591

DECEDENTS' ESTATES.—*Distributee.*—*Indebtedness of to Estate.*—*Distributive Share.*—*Exemptions.*—A distributee against whom the administrator holds an unsatisfied judgment for a sum greater than the distributee's distributive share, is not entitled to such share, although, being a householder, the property owned by him is not equal to the amount allowed by law as exempt from execution. OLDS, C. J., dissents.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*W. A. Moore,* for appellee.

COFFEY, J.—This was an application by the appellee against the appellants to compel a distribution of the estate of William Fiscus, deceased. The court overruled a demurrer to the petition, and the only error assigned relates to the correctness of this ruling.

The petition alleges, substantially, that the appellee is one of the seven heirs of the deceased, William Fiscus; that after the settlement of all claims against said estate, and the payment of the expenses of administration, there remains for distribution among the heirs the sum of $2,500, derived from the sale of real estate ; that in the year 1887 the administrator of said estate recovered a judgment in the Decatur Circuit Court against the appellee for the sum of $1,610.17, which yet remains wholly unpaid ; that the appellee is a resident householder of the State of Indiana, and has not, including his distributive share in said estate, property of the value of $600.

With this petition the appellee filed an inventory and schedule of his property, and prayed that his interest in the estate be set apart to him free from the set-off existing by reason of the judgment in favor of the estate.

The only question in the case relates to the right of the

appellee to share in the distribution of the estate before the judgment in favor of the estate is satisfied.

It has often been held by this court that one judgment can not be set off against another in a case where such set-off would have the effect to defeat the exemption laws of the State. *Puett* v. *Beard,* 86 Ind. 172 ; *Butner* v. *Bowser,* 104 Ind. 255 ; *Burdge* v. *Bolin,* 106 Ind. 175 ; *Junker* v. *Hustes,* 113 Ind. 524 ; *Carpenter* v. *Cool,* 115 Ind. 134.

In the case of *Smith* v. *Sills,* 126 Ind. 205, it was held by this court that a promissory note might be claimed as exempt from a set-off in favor of the maker when the holder of such note, being a householder, had not the quantity of property allowed by law as exempt from execution.

It is claimed by the appellee in this case that the same rule applies to his application to compel the administrator to pay over to him his distributive share of the estate named in his petition.

To determine this question it is necessary to inquire into the ground upon which the administrator has the right to retain in his hands the distributive share of an heir or a legacy due to a legatee, in satisfaction of a claim due to such estate from the heir or legatee.

In the case of *Fiscus* v. *Moore,* 121 Ind. 547, it was said by this court : " The ground upon which an administrator is entitled to retain so much of the distributive share of a distributee as will satisfy a debt due from the latter to the estate is, that the heir or distributee makes a demand upon the administrator in respect to assets in his hands as administrator, and the just and equitable answer in such a case is that the person making the demand has already in his hands assets belonging to the estate in excess of the distributive share which he is demanding."

The term " set-off," as used in this class of cases, is used inaccurately. It is not, in fact, a set-off, but it is the mere exercise of the right of the administrator to apply the funds in his hands to the payment of a debt due from the distrib-

utee to the estate. *Cherry* v. *Boultbee*, 4 Mylne & Craig, 442.

The distributee is not entitled to his distributive share while he retains in his own hands a part of the fund out of which his share and other distributive shares should be paid. Waterman Set-Off, section 110; *Ranking* v. *Barnard*, 5 Madd. Ch. 28; *Koons* v. *Mellett*, 121 Ind. 585.

In this case the appellee has in his hands, of the assets belonging to the estate in which he claims a part, a sum largely in excess of his distributive share. We know of no rule of equity which would require the administrator of William Fiscus to deliver up to him one-seventh of the remainder. His pecuniary condition, we think, furnishes no sufficient reason for so doing. As soon as the administrator ascertained the amount which would be due the appellee as his distributive share in the estate of William Fiscus, it was his duty to apply such share to the debt due from the appellee to the estate. Assuming, as we will, in the absence of a showing to the contrary, that the administrator did his duty at the time this application was filed, there was nothing due the appellee.

The petition proceeds upon the theory that the distributive share of the appellee in the estate of William Fiscus remains in the hands of the administrator, unapplied to the payment of the debt due to the estate, and that by reason of the fact that the property owned by the appellee is not equal in value to the amount allowed by law as exempt from execution, he has the right to compel the payment to himself of the whole of his distributive share, thus leaving his debt to the estate wholly unpaid. Such a result would be inequitable; it would be equivalent to decreeing to the appellee more than a double share in the estate of William Fiscus, at the expense of the other heirs.

We are of the opinion that the appellee is not entitled to any portion of the estate while he holds in his hands assets belonging thereto which exceed the amount of his distributive share.

Judgment reversed, with directions to sustain the demurrer to the petition.

OLDS, C. J., dissents.

