Holmes *v.* McPheeters, Administrator.

---

HOLMES *v.* McPHEETERS, ADMINISTRATOR.

[18,515.   Filed February 24, 1898].

LIMITATION OF ACTIONS.—*Descent and Distribution.—Debt Due Estate by Heir Not Barred by Statute of Limitation.*—The statute of limitation cannot be interposed by an heir as a defense to an application by the administrator to apply a portion of his distributive share of such estate to the payment of a note of such heir in favor of the estate.

From the Washington Circuit Court.   *Affirmed.*

*F. M. Hostetter*, for appellant.

*Alspaugh & Lawler*, for appellee.

JORDAN, J.—This was an application to the court by the administrator to enforce his equitable right to

retain a certain portion of the distributive share of the appellant, in his hands, and apply it to the payment of a debt which appellant owed the estate. The substance of the material facts averred in the third paragraph of the complaint, which finally constituted the complaint on which this suit was tried and determined, is as follows: Hugh A. Holmes died intestate at Washington county, Indiana, on December 31, 1893, leaving surviving him appellant, his brother, together with other brothers and sisters, as his only heirs at law. Appellee was duly appointed administrator of the estate of the deceased, who, at the time of his death, was the owner of personal property of the value of $2,500.00, which came into the hands of said administrator, and also of real estate situated in the State of Indiana, which realty seems to have been sold and converted into money, which was also in the hands of the administrator, for distribution among said heirs. That of the funds belonging to the estate appellant's share on final distribution would be $500.00 and over. Among the assets of the estate was a promissory note of $160.00, executed by appellant to the decedent on the 18th of May, 1885, due one day after said date, bearing interest at six per cent., which is still due to the said estate, and unpaid. After appellee was appointed administrator, and before an action to recover a judgment on the note had been barred by the statute of limitations, he presented the note to appellant for payment, and the latter orally agreed that he would accept it in part payment of his share, on final distribution of the funds of the estate. It is further alleged that the plaintiff, as administrator, is ready to make a final settlement of his trust, and that defendant repudiates his agreement, and refuses to allow the amount due to the estate on the note to be deducted from his distributive share, and threatens to inter-

pose the statute of limitations as a defense in the event a suit to recover a judgment on the note is instituted. The complaint closes with a prayer, among other things, to the effect that the court by its order and decree, authorize and empower the plaintiff to withhold from the defendant's share of the funds in his hands belonging to the estate a sum equal to the amount due the estate on the note, and for all other and proper relief.

At the time this suit was commenced the statute of limitations had fully run against the note. Appellant unsuccessfully demurred to the complaint, and an answer was then filed, the first paragraph being the general denial, and the second set up the limitation of ten years as a defense to the action. This was the only defense or claim interposed to defeat the action. To this plea a demurrer was sustained. A trial resulted in the court ordering and decreeing that the defendant accept the amount of the note, principal and interest, due on the first day of September, 1894, and that the same be deducted from his distributive share of the estate.

The appellant in his assignment of errors, complains of the court in overruling his demurrer to the complaint and in sustaining appellee's demurrer to his plea of the statute of limitations.

Counsel for appellant says that his client might, by his oral agreement, have authorized the admisistrator to have deducted the amount of his note from his share, provided the agreement had been carried into effect at the time it was made by deducting the amount from his share, and surrendering the note for cancellation. But his insistence is that the oral agreement, which, as is contended, is the only foundation on which this action can rest, is invalid and can not be enforced for several alleged reasons, and as a

recovery on the note was barred by our statute of limitations at the beginning of this suit, he insists that the right, as claimed by the administrator, to retain and apply a part of appellant's distributive share in payment and satisfaction of the debt, cannot be sustained over the defense of the statute of limitation interposed by the answer, and consequently the judgment is wrong.

We do not stop to consider the objection urged by appellant against the oral agreement, for the reason that we do not view it as a controlling factor in this case. The administrator's right to retain and apply, so far as necessary, the appellant's share of the funds in his hands to the payment and satisfaction of the debt which the latter owed the estate, did not depend on any agreement to that effect on the part of appellant. The law invested the admisistrator with that right independently of any agreement or contract. The doctrine is correctly and firmly settled in this State that a distributee is not entitled to receive his distributive share while he is indebted to the estate, and thereby retains in his own hands a part of the fund out of which his own and the shares of other distributees, or other claims on such fund, ought to be paid. *Fiscus* v. *Moore,* 121 Ind. 547; *Koons* v. *Mellet,* 121 Ind. 585; *Fiscus* v. *Fiscus,* 127 Ind. 283.

This right is not one of set-off, but is founded on the principle that the administrator or executor has an equitable lien on the share of the distributee or legatee, until the latter has discharged the obligation which he owes to the estate. The heir or legatee, as the authorities affirm, is not, in accordance with justice or good conscience, entitled to be awarded and receive his share as long as he is a debtor to the estate, and thereby has in his own hands a part of the fund upon which the payment of his own share and the

shares of others depend. To allow a distributee to receive his share of the fund in the hands of the administrator for distribution, while the former is in default in the payment and discharge of his own obligations to the estate, would serve to diminish the fund, and result, perhaps, to the prejudice of others. By permitting the distributee to receive his share, while he retains a part of the fund in his own hands, out of which his share ought to be paid, might and frequently would, result in awarding to him a portion of the fund greater than that received by other equally entitled distributees. These principles, in reason, do and must apply when the recovery of the debt which the distributee owes to the estate is barred by the statute of limitation. The statute of limitation is one of repose, and is only a bar to the remedy, and not to the debt itself, simply leaving it unpaid without any legal remedy on the part of the creditor to enforce its payment by suit, in the event the debtor relies on the statute as a defense. Measured, however, by a moral standard, and one in accord with good conscience, the debtor is still under an obligation to pay his debt, although a recovery thereon under the law may be barred by the lapse of time. The statutes of this State recognize the right of a party to enforce a set-off against a cause of action, although a recovery upon the debt upon which the set-off is based is barred by limitation. Section 370, Burns' R. S. 1894 (367, R. S. 1881).

It must follow, in our judgment, that the statute of limitation could not be successfully interposed by appellant as a defense to defeat the appellee in his equitable right to apply an amount sufficient of the appellant's share of the estate in his hands in payment of the note. It was held in *Fiscus* v. *Fiscus, supra*, that a distributee could not defeat the administrator

in the exercise of this right by claiming, as a house-holder, his distributive share as exempt under the exemption statute 'of this State. The following authorities support the conclusion reached, and the rule which we affirm. *Rogers* v. *Murdock*, 45 Hun. 30; *Tinkham*, v. *Smith*, 56 Vt. 187; *Smith* v. *Kearney*, 2 Barb. Ch. 533; *Wilson* v. *Kelly*, 16 S. C. 216; *Higgins* v. *Scott*, 2 Barn. & Ádol. 413; *Jeffs* v. *Wood*, 2 P. Williams 128; 1 Thornton & Blackledge Administration and Settlement, pp. 507 and 508.

The court did not err in overruling the demurrer to the complaint, nor in sustaining it to the answer setting up the statute of limitation.

Judgment affirmed.