In re Estate of George H. Lietman; Winkler, Executor, Appellant, v. Lietman.

### Division One, March 30, 1899.

1. **Administration:** DISTRIBUTION: DEBTS OF INSOLVENT LEGATEE: SET-OFF. The debts of an insolvent legatee should be deducted from the legacy bequeathed to him by the testator, in the distribution of the estate.

2. ———: ———: ———: ———: POWER OF PROBATE COURTS.    And probate courts have power to make such deduction, without the intervention of a court of chancery. (Overruling Ford, Adm'r, v. Talmage, 36 Mo. App. 65; and distinguishing Johnson v. Jones, 47 Mo. App. 237; and Cauley v. Truitt, 63 Mo. App. 356.)

3. ———: ———: ———: ———: LIMITATION. And it is wholly immaterial, in deducting the legatee's debt from his legacy, whether or not the debt is barred by the statute of limitations.

*Appeal from Lafayette Circuit Court.*—Hon. Richard Field, Judge.

Reversed and remanded (*with directions*).

---

*Note.—Decided February 15, 1899.    Motion for rehearing filed.    Rehearing denied March 30, 1899.

U. G. Phetzing and Wm. H. Chiles for appellant.

(1)   The court committed no error in refusing to give respondent's instruction numbered 21. R. S. 1889, secs. 6774 and 6781; Orr v. Wilmarth, 95 Mo. 212. (2)   While the probate court is not invested with independent equity jurisdiction, it is the proper forum to settle all matters which appertain strictly to the administration and distribution of estates, and in doing so may, and often does, exercise all powers of an equitable nature necessary to the complete performance of its duties.   Wherefore the court committed no error in refusing to give respondent's instruction numbered 1. Titterington v. Hooker, 58 Mo. 593; Ensworth v. Curd, 68 Mo. 282; Hammons v. Renfrow, 84 Mo. 332; McAllister v. Williams, 23 Mo. App. 286; In re Estate of Meeker, 45 Mo. App. 186; Finley v. Schlueter, 54 Mo. App. 455; R. S. 1889, sec. 3397; Constitution, art. VI, secs. 1 and 34; 1 Woerner Law of Adm., sec. 155; Brown v. Stark, 47 Mo. App. 370; State ex rel. v. Donegan, 94 Mo. 66; R. S. 1889, secs. 8160 and 8162; Whaley v. M. and W. Cape, 4 Mo. 233. (3)   The giving of a legacy does not extinguish a debt due the deceased.   Clark v. Bogardus, 11 Wend. 67; Strong, Extr. v. Bass, 35 Pa. St. 333; Bowen v. Evans, 70 Ia. 369; Waterman on Set-off, secs. 209 and 210; Woerner's Am. Law of Adm., secs. 475 and 564; Ricketts v. Twister, 1 Am. Dec. 160; Fisher v. Keithly, 142 Mo. 244; State to use v. Modrell, 15 Mo. 421; Hopkins v. Thompson, 73 Mo. App. 401. (4)   The intention of the testator must be the controlling guide and such intention must be gathered from the whole instrument. Gaines v. Fender, 57 Mo. 342; Carr v. Dings, 58 Mo. 400. Courts incline against double portions.   And the probate court had the power to so construe said will.   Brown v. Stark, 47 Mo. App. 370.

VOL. 149 mo—8

JOHN E. BURDEN for respondent.

(1)   Probate courts in this State are of limited juris-diction, as contradistinguished from courts of general or common law jurisdiction.   Their powers are entirely deriv-ative and they can exercise no power unless conferred by statute or organic law.   First Baptist Church v. Robberson, 71 Mo. 327; Butler v. Lawson, 72 Mo. 227; Presbyterian Church v. McElhinney, 61 Mo. 540; Estate of Glover & Shepley, 127 Mo. 153; Ford v. Talmage, 36 Mo. App. 65. (2)   A probate court has no jurisdiction to determine the indebtedness to a deceased person's estate of one of its dis-tributees, and to set off the amount of such indebtedness against such distributee's share of the estate, in making an order of distribution.   Ford, Adm'r, v. Talmage, 36 Mo. App. 65; Estate of Glover & Shepley, 127 Mo. 153; In re Estate of Nerac, 35 Cal. 392; Carson v. Carson, 1 Met. (Ky.) 302; Proctor v. Newhall, 17 Mass. 93; Hancock v. Hubbard, 19 Pick (Mass.), 167; 3 Redfield Law of Wills, p. 432; John-son v. Jones, 47 Mo. App. 241; Cauley v. Truitt, Adm'r, 63 Mo. App. 356; Dearborn v. Preston, 7 Allen, 194; Abbott v. Foote, 146 Mass. 333.

MARSHALL, J.—Appeal from order granting defend-ant a new trial.

We adopt appellant's statement of the case, which is as follows:

"Respondent, John H. Lietman, is a nephew of George H. Lietman, deceased, resides in Pittsburg, Pennsylvania, and never has resided in the State of Missouri.

"In June, 1880, said John H. Lietman executed a prom-issory note for $2,000, and in May, 1881, one for $4,000, payable to the order of said George H. Lietman, together with interest at the rate of 6 per cent per annum.

"The $2,000 note has two credits indorsed thereon: 'May 24, 1881, paid interest in full, $120;' 'May 24, 1882,

paid interest in full.'    The $4,000 note has a credit:    'May 1, 1882, paid interest in full.'    All of these credits are in the handwriting of said George H. Lietman.

"Among the letters and papers of the said George H. Lietman were found after his death several letters from said John H. Lietman, one dated February 25, 1884, in which is stated that he had inclosed a check for $360 to pay interest. This payment is not credited on the notes, but in the calculation was allowed by the executor.    Also another letter from said John H. Lietman, dated November 11, 1885, in which he states 'that if he had the money he would pay the interest.'

"In 1882, while on a visit at Pittsburg, Pennsylvania, the said George H. Lietman executed his last will and testament, nominating J. H. Bruning of Pittsburg, Pennsylvania, and W. H. Winkler, of Lexington, Missouri, as executors.

"In 1884 said George H. Lietman returned to Lexington, Missouri, and continued to reside there until his death in 1889.    Mr. Winkler alone qualified as executor, and entered upon the discharge of his duties as such executor.

"By the terms of the said will the executor was directed to pay all the rents, income and profits to the widow of said George H. Lietman during her life.    After her death certain legacies were to be paid, ranging from $5 to $4,800.    In 1893 the widow died.    The executor made an effort to collect the two notes mentioned herein, but found that the maker, this respondent, had become bankrupt in 1885, and is now and has ever since been insolvent.    He, however, entered his appearance and was represented by his counsel in the probate court, when the executor, at his final settlement, June 1, 1895, asked and was allowed credit for $10,590, being the amount of principal and interest of the said two John H. Lietman notes as inventoried, the probate court being satisfied that these notes were worthless and uncollectible.

"In the said will the said John H. Lietman is named as a legatee, being given $4,800, and his *pro rata* share of the surplus, being about $400, amounting altogether to about $5,200.

"At the May term, 1895, of the Lafayette county probate court, the executor made an attempt to make his final settlement and obtain an order of distribution. The executor held that the said John H. Lietman being indebted to the estate largely in excess of his legacy should take nothing, but that his legacy should be credited on his indebtedness, and his share be distributed among the other heirs. The probate court sustained the executor in this view of the law and the order of distribution was made upon that basis. To this action of the probate court the said legatee, John H. Lietman, filed his objections and perfected his appeal to the circuit court of Lafayette county. At the August term, 1896, of the circuit court the judgment of the probate court was affirmed. Within the proper time the appellant in the circuit court, now the respondent here, filed his motion for a new trial and to set aside the judgment and finding of the court. This motion was sustained and a new trial granted on the ground of error in the refusal of the first and second instructions asked by said John H. Lietman.

"To which action of the court in granting a new trial exceptions were saved and appeal perfected to the Supreme Court."

The instructions refused at the trial, which are assigned as the ground for granting the new trial, are as follows:

1. "The court declares the law to be that the probate court is possessed of no chancery or equitable jurisdiction."

2. "The probate court of Lafayette county, Missouri, has no jurisdiction to determine the indebtedness of John H. Lietman to the estate of George H. Lietman, deceased, and to set off the amount of such indebtedness against the legacy bequeathed said John H. Lietman by the will of said

George H. Lietman, or against said John H. Lietman's distributive share of the estate of said George H. Lietman, in making the order of distribution appealed from in this case."

The instructions given were the converse of those refused.

## I.

The first instruction was properly refused, for while it is true that the probate court is possessed of no chancery or equity jurisdiction [In re Estate of Glover & Shepley, 127 Mo. l. c. 163], it is also true that under article 6, section 34 of the Constitution of Missouri, and sec. 3397, R. S. 1889, passed in pursuance thereto, the probate court has jurisdiction "over all matters pertaining to probate business." [Gentry v. Gentry, 122 Mo. l. c. 222; Green v. Tittman, 124 Mo. l. c. 378.] The matters here in issue can be settled at law in a very simple manner, as hereinafter pointed out, and are "matters pertaining to probate business," and hence the probate court has jurisdiction to try and determine them, and there is no necessity for invoking the powers of a court of chancery.

## II.

The second instruction asked by defendant, respondent here, is supported by the decision of the St. Louis Court of Appeals, in Ford, Adm'r, v. Talmage, 36 Mo. App. 65, and that decision is in line with the adjudications in Massachusetts and California. [Proctor v. Newhall, 17 Mass. 81; Hancock v. Hubbard, 19 Pick, 167; Dearborn v. Preston, 7 Allen, 192; In re Matter of Estate of Nerac, 35 Cal. l. c. 397.] But the doctrine announced in those cases is not in consonance with the weight of authority in England or America, and is predicated upon erroneous conceptions of the jurisdiction of probate courts in Missouri.

The major premise of the syllogism upon which the court of appeals decision is based, is that because probate courts have no equity jurisdiction, they have no power to deduct a debt due the estate by a legatee, from a legacy due the debtor under the will. As herein previously stated the settlement of such a question does not fall exclusively within the jurisdiction of a court of equity, nor necessarily within that of a court of general common law jurisdiction. It involves the collection of a debt due the estate, which falls within the duty of the executor or administrator, and the distribution of the estate, which falls within the power and duty of the probate court, especially so under the quoted provision of the Constitution of Missouri. Hence the major premise is wrong.

The minor premise of the syllogism is that the indebtedness of the legatee to the estate is not an advancement, and hence can not be deducted from the legacy, nor can it be treated as a set-off, because there is no mutual indebtedness. In Pennsylvania it is treated as an advancement [Springer's Appeal, 29 Pa. St. 208], and the Orphans' Court is held to have power to deduct the debt from the legacy, but not to enter judgment against the legatee for the excess of the debt over the legacy. In England the administrator is held to have power to apply the debt towards the payment of the legacy, under the common law doctrine of retainer, or as was said by the vice-chancellor, in Ranking v. Barnard, 3 Maddock's Rep. l. c. 29, "it is clear, that as against the husband, the executors of the testatrix would have a right to satisfy the legacy" (which was to the wife, but which the husband was entitled to at common law) "by writing off so much of the debt due from the husband to the estate." In Courtenay v. Williams, 3 Hare (25 Eng. Ch. Rep.), 538, it was placed on the doctrine of retainer. The American doctrine places it upon the ground that the debt is already in the hands of the executor as assets collected by being deducted

from the legacy, thereby practically enforcing the common law doctrine of retainer.   [Clarke v. Bogardus, 12 Wend. 67; Armour v. Kendall, 15 R. I. 193; Stagg v. Beekman, 2 Edward's Chan. Rep. 89; Brokaw v. Hudson's Exr's, 27 N. J. Eq. 135; Tinkham v. Smith, 56 Vt. 187; Bowen v. Evans, 70 Ia. 368; and in the later case of Strong's Ex'r v. Bass, 35 Pa. St. 333.]

The minor premise laid down by the St. Louis Court of Appeals therefore falls also.   The conclusion reached by that court, that the only remedy was for the administrator to have the interest of the distributee impounded, in equity, and have it applied to the extinguishment of the debt, being based upon false premises must also fall, in the light of the direct methods pointed out in the authorities herein cited for reaching the same end, and of the jurisdiction of our probate courts.

In the recent case of Hopkins v. Thompson, 73 Mo. App. l. c. 405, the Kansas Court of Appeals said:   "The authorities are quite agreed that an administrator has the right to subject the personal property of his intestate to the payment of a debt due by the heir to the estate in priority and reference to the claims of an assignee of the heir. [Streety v. McCurdy, 104 Ala. loc. cit. 501; Fiscus v. Moore, 121 Ind. loc. cit. 556.]"   A fortiori, to the payment of the debt of the heir as against a claim of the heir himself.

Waterman on Set-off (2 Ed.), sec. 209, says:   "The giving of a legacy to a debtor is not an extinguishment of the debt, and the debt may be set off by the executor against the legacy."   And the same author in sec. 210, happily and tersely states the rule as follows:   "The right of the executor or administrator to retain in such cases, depends upon the principle that the legatee or distributee 'is not entitled to his legacy or distributive share, while he retains in his own hands a part of a fund out of which that and other legacies or distributive shares ought to be paid, or which were necessary

to extinguish other claims on that fund.'    In other words the legatee or distributee in such cases seeks to obtain a portion of the fund which the testator or the letters of administration have placed in the hands of the executor or administrator to pay debts and legacies or distributive shares; while such legatee or distributee is himself a debtor to the estate, and by withholding payment, diminishes the fund to that extent.    And it is against conscience that he should receive anything out of the fund without deducting therefrom the amount of that fund which is already in his hands as a debtor to the estate."

In his work on the American Law of Administration (2 Ed.), sec. 564, Woerner lays down the rule to be:    "The indebtedness of a legatee or distributee constitutes assets of the estate, which it is the executor's or administrator's duty to collect for the benefit of creditors, legatees, and distributees.    Hence such indebtedness may be deducted from any legacy or distributive share of the debtor . . .    And where the doctrine of retainer is recognized, the executor or administrator may retain against a legatee or distributee, or the assignee or transferee of such, for any debt due to the deceased, or to the executor or administrator in his fiduciary character.    The right of set-off exists whether the legatee or distributee was indebted to the deceased before his death, or contracted a liability to the estate thereafter."

It matters not by what name the proceeding is called, whether retainer, advancement, set off or assets in the hands of the legatee, the practical result is the same, and it rests upon wholesome principles of right and justice, which can be administered in probate courts, without the aid of a court of conscience.    The reason, necessity and wisdom of the rule is strikingly illustrated in this case, where an insolvent, nonresident legatee seeks to diminish the distributive shares of others, by claiming a part of the estate, while he owes the estate twice as much as his legacy amounts to.    It would be

idle to remand the executor to a suit at law or a bill in equity, for the executor can not go to the domicile of the debtor and maintain a suit, having no extra-territorial capacity to sue (Scudder v. Ames, 89 Mo. l. c. 522), and the debtor will not come to this State so he can be served. But even if the debt was reduced to judgment, it would not alter the status of the parties in the probate matter. True the legacy could be impounded in equity and applied on the debt, but there is no reason for circumambulation, when the way is clear and the means are at hand and in the power of the executor and of the probate court.

The cases of Johnson v. Jones, 47 Mo. App. 237 and Cauley v. Truitt, 63 Mo. App. 356, involved different principles and depended upon the rights of third persons as against those of the legatee, and hence neither those cases nor others of like import relied on by defendant, have any bearing upon the questions here involved.

It is wholly immaterial whether the debt of the legatee is barred by limitation or not, the right to write it off against the legacy remains unimpaired by any lapse of time. [2 Woerner Am. Law, Adm. (2 Ed.), sec. 564; Tinkham v. Smith, 56 Vt. 187.]

There is nothing in the case upon which it can successfully be contended that there was any intention of the testator to release or forgive the debt. Allowing the legacy to remain in the will, after the legatee became insolvent and ceased to pay interest can only be construed into being an intention on the testator's part to permit the debt to be extinguished *pro tanto*. The legacy was very much smaller than the debt, and could only have this effect.

We therefore conclude that the circuit court committed no error in refusing the instructions asked by defendant, and hence it erred in sustaining the defendant's motion for a new trial. The judgment to this effect is reversed and the

cause remanded to the circuit court with directions to enter judgment on its original finding in favor of the plaintiff, the appellant here. All concur.