In re Estate of RACHEL FUSSELL, deceased.

**Wills:** DEVISE TO DEBTORS: BANKRUPTCY. Where a devisee was given a life estate in real property provided she paid certain notes held by the testator within a certain time, and in case of nonpayment the executors were to sell the land, deduct the amount of the notes, whether barred by statute or not, and invest the surplus for the benefit of the devisee, a discharge of the devisee in bankruptcy did not constitute payment so as to deprive the executors of the right to carry out the provisions of the will.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

SATURDAY, DECEMBER 16, 1905.*

APPLICATION of the executors of the estate of Rachel Fussell, deceased, for an order directing the sale of certain real estate. It was denied, and the executors appeal.— *Reversed.*

*Hancock & Birss,* for appellants.

*Jay Cook* and *Clements & Clements,* for appellee.

LADD, J.— Rachel Fussell died testate December 15, 1902. Her will bearing date January 24, 1898, was admitted to probate, and Martin H. and Horton V. Fussell appointed executors. The fifth clause devised certain real estate to her daughter, Dorcas Stansberry, " to have and to hold to her the said Dorcas Stansberry during her natural life, with remainder to her children, share and share alike.

* See note bottom page 485.

Provided, however, that in case the two promissory notes held and owned by me against the said Dorcas Stansberry and L. L. Stansberry shall not have been paid within one year after my decease, then I authorize and empower my said executors to sell the premises hereinbefore described, in River addition to Fayette, and the half of the vacated street last described, and from the proceeds thereof to pay the principal and interest that shall then be due on said notes (whether said notes shall then be barred by the statutes of limitation or not), and the surplus, if any, shall be loaned by such executors, and the interest paid to said Dorcas Stansberry during her lifetime, and the remainder shall be the property of her children at her death, share and share alike."

The notes referred to were executed January 27, 1892, for $224 each, with interest, the one payable February 1, 1893, and the other a year later. The devisee failed to make payment within the year after testatrix's death, and this action was begun in which the executors prayed for an order to sell the property as directed by the. will. Thereupon, it was stipulated that. Mrs. Stansberry had been adjudged a bankrupt September 20, 1902, and was discharged as such in January or February, 1903. Contrary to the ruling of the district court, this furnished no defense. The discharge in bankruptcy did not operate as an extinguishment of the debt; it merely destroyed the remedy by enabling the debtor to plead the discharge in bar. *Bush v. Stanley*, 122 Ill. 406 (13 N. E. Rep. 249); *Farmers' & Mechanics' Bank v. Flint*, 17 Vt. 508 (44 Am. Dec. 351). See collection of cases in 16 Am. & Eng. Ency. of Law (2d Ed.) 789. While the legal obligation to pay is gone, the moral obligation remained precisely as before, for the debt is still unpaid, and constituted a sufficient consideration to support a new promise to pay the same as in the case of a debt barred by the statute of limitations. This being true, the notes of the devisee, notwithstanding her discharge in bankruptcy, were never paid. Moreover, they were still enforceable against L. L. Stans-

berry. In making the devise, testatrix had the right to impose such conditions as she might choose. She exercised this right, and directed that upon the omission to pay, the property should be sold, and the amount of the notes deducted from the proceeds. This was tantamount to treating the debt as an advancement to be taken from the devisees' portion of the estate, and it is well settled that an indebtedness of an heir to a decedent, even though the former has obtained a discharge in bankruptcy, is to be regarded as an asset of the estate, in so far as that it should be deducted from the distributive share of such heir. *Courtney v. Withians,* 3 Hare, 539; *Smith v. Kearney,* 2 Barb. Ch. 533; *Wilson v. Kelly,* 16 S. C. 216.

Were this an action on the notes, the plea in bar of either the statute of limitations or the discharge in bankruptcy would be good. But it is merely an application for an order of the court to carry out the terms of a will which speaking as of the date of testatrix's death explicitly required the sale of the land, upon the failure to pay the notes within the year. The notes were not paid, and we know of no reason for not giving effect to the testatrix's will. Appellee argues that by expressly mentioning the bar of the statute of limitations, other pleas in bar were intended to be allowed. This cannot be so, because inconsistent with the evident design of exacting actual payment. It is also suggested that the devisee's children should have been made parties. In the absence of any showing that she had any, we cannot assume that the necessary parties were not before the court. An order should have been entered directing the sale of the land as prayed.—*Reversed.*