## IN RE ESTATE OF JOSEPH M. LINDMEYER.
### BARBARA PEUSER, APPELLANT.[1]

February 27, 1931.

No. 28,327.

*Mueller & Erickson,* for appellant.
*Pfaender & Glotzbäch,* for respondent.

WILSON, C. J.

Appellant appealed from an adverse judgment entered after a denial of her motion for a new trial.

The decedent by the terms of his will gave his property to his nine children, share and share alike. When the administration was

[1]Reported in 235 N. W. 377.

concluded there was, besides real estate, $1,230.60 in cash on hand, and an unpaid, outlawed promissory note against a son, Joseph Lindmeyer, respondent herein, for $185. There were also two other such notes against two other children. The probate court in the final decree offset the share of each of these three children against their respective indebtedness. Respondent appealed therefrom to the district court, which found as a fact that the note had not been paid but concluded that since it was barred by the statute of limitations it could not be offset against the distributee's share of the money.

We may take it as the settled law that an indebtedness of a distributee to the estate of a decedent may be set off against his distributive share of the personal property. But the question here presented is whether an outlawed indebtedness can be so set ·off. Is it material that the statute of limitations has run against the debt? There is good authority to the effect that where the statute has so run the indebtedness is dead and the set-off cannot be made. This theory makes much of the thought that such claims are covered by the dust of time and are forgotten. 18 C. J. p. 884, § 149, note 32; Allen v. Edwards, 136 Mass. 138; Holt v. Libby, 80 Me. 329, 14 A. 201; Boden v. Mier, 71 Neb. 191, 98 N. W. 701; Luscher v. Security Tr. Co. 178 Ky. 593, 199 S. W. 613, L. R. A. 1918C, 615; Estate of Light, 136 Pa. 211, 20 A. 536, 537; Kimball v. Scribner, 174 App. Div. 845, 161 N. Y. S. 511.

It was the rule of the common law that such an outlawed debt, under such circumstances, could be deducted as a set-off. 11 R. C. L. p. 245, § 276; In re Estate of Lietman, 149 Mo. 112, 50 S. W. 307, 73 A. S. R. 374; Courtenay v. Williams, 3 Hare (25 Eng. Ch. Rep.) 539; Rose v. Gould, 15 Beav. 189; Coates v. Coates, 33 Beav. 249; In re Cordwell's Estate, 20 L. R. (Eq. Cases) 644.

A number of the states have adopted the rule of the common law. Tinkham v. Smith, 56 Vt. 187; In re Estate of Lietman, 149 Mo. 112, 50 S. W. 307, 73 A. S. R. 374; Holmes v. McPheeters, 149 Ind. 587, 49 N. E. 452; Luscher v. Security Tr. Co. 178 Ky. 593, 199 S. W. 613, L. R. A. 1918C, 619, and Anno; Wilson v. Channell, 102

Kan. 793, 175 P. 95, 1 A. L. R. 987, and Anno. 991; Hesley v. Shaw, 120 Ill. App. 92; Garrett v. Pierson, 29 Iowa, 304; Holden v. Spier, 65 Kan. 412, 70. P. 348; Leask v. Hoagland, 64 Misc. 156, 118 N. Y. S. 1035; Oxsheer v. Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98; Armour v. Kendall, 15 R. I. 193, 2 A. 311; Fiscus v. Fiscus, 127 Ind. 283, 26 N. E. 831; Tillie v. Springer, 21 Ont. Rep. 585; Smith v. Kearney, 2 Barb. Ch. 533; Merritt v. Jenkins, 17 Fla. 593; Irvine v. Palmer, 91 Tenn. 463, 19 S. W. 326, 30 A. S. R. 893; Rawlins v. Rawlins, 75 Ga. 632; In re Estate of Esmond, 154 Ill. App. 357; In re Covin's Estate, 20 S. C. 471; Ex parte Wilson, 84 S. C. 444; 66 S. E. 675; Woerner, Am. Law of Adm. (2 ed.) § 564.

In some of the states, including Indiana, there is a statute that requires such holding, though the reasoning given in Holmes v. McPheeters, 149 Ind. 587, 49 N. E. 452, includes the same logic contained in the opinions of the courts where such a statute is absent. It seems that the same rule would apply where the debt is barred by discharge in bankruptcy. 1 A. L. R. 1010, Anno. subd.j.

The weight of authority is to the effect that the amount of the outlawed debt may be applied by the representative of the estate in satisfaction of the amount to be paid to the distributee. This is upon the theory that the statute of limitations bars only the right of action, the remedy, and not the debt itself.

Some of the courts place the rule or doctrine upon retainer, others on advancement, others on set-off or assets in the hands of the distributee, and others that the representative has an equitable lien on the share of the distributee until the latter discharges the obligation which he owes the estate. One line of authorities rests upon the theory of the law, and it is an equitable one, that the indebtedness of a distributee of the estate should be regarded as assets of the estate already in his hands, and that his legacy or share is to that extent satisfied. It is said that it would be grossly inequitable to allow such distributee to obtain his full share of an estate while he is withholding that portion of the same that is already in his hands. Indeed the distributee cannot, in accordance with justice or good conscience, be entitled to be awarded and re-

ceive his share as long as he is a debtor to the estate and thereby has in his own hands a portion of the fund upon which the payment of his own share and the share of others depends. To permit the distributee to have such advantage would serve to diminish the fund and result perhaps to the prejudice of others. If he could receive his share and at the same time retain that portion of the fund in his hands out of which his share ought to be paid, it would probably result in his receiving a proportionately larger amount than others equally entitled distributees. The authorities consider the statute of limitation as one of repose, and, as stated above, only a bar to the remedy and not to the debt itself, simply leaving it unpaid, without any legal remedy on the part of the creditor to enforce its payment by suit in the event the debtor relies on the statute of limitation as a defense. But having the fund upon which the debt is a charge, there is no need of resorting to any remedy to enforce payment. Measured by moral standard and in accordance with good conscience, the debtor is still under obligation to pay his debt, although a recovery thereon under the law may be barred by the lapse of time.

It is also to be noted that questions of this character usually arise among members of the same family, and it would seem that one should be reluctant to invoke the statute of limitation in family affairs wherein and among whom a moral obligation ought to be recognized. It seems but justice and good conscience that the distributee should not be permitted to receive anything out of the fund to be distributed without deducting therefrom the amount or portion of that fund which is already in his hands as a debtor to the estate. Perhaps the best theory for reaching the conclusion that we do is that the debt is already in the hands of the representative of the estate as assets collected by being deducted from the amount to be distributed. The right to make the deduction in such case is usually termed a right of set-off, but that term is inaccurately used, the right being rather the right to pay out of a fund in hand than a right of set-off. Regardless of the reason given for the rule, it rests upon wholesome principles of right and

justice; and we conclude that we should adopt the common law rule which prevails in a majority of the states wherein the question has been considered.

G. S. 1923 (2 Mason, 1927) § 8814, a portion of the statute relating to claims against estates, has no application to cases of this character.

The judgment is reversed.