Joan B. HURTIG, Respondent,

v.

David G. GABRIELSON, Trustee of the Gordon H. Gabrielson Trust, Appellant.

No. C9-94-1464.

Court of Appeals of Minnesota.

Jan. 10, 1995.

Review Denied March 14, 1995.

William J. Wetering, Hedeen, Hughes & Wetering, Worthington, for respondent.

Michael J. DuPont, Robert A. Judd, Wagner, Falconer & Judd, Ltd., Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

HUSPENI, Judge.

Appellant trustee withheld distributions from respondent, while distributing to all other siblings, treating respondent as a contingent beneficiary of the trust, and using her equivalent share as a setoff against her debt to the trust estate. Because respondent's debt to the estate had been discharged in bankruptcy, the trial court ordered appellant to make the distributions. The terms of the trust give appellant absolute discretion over distributions to the contingent beneficiaries. We find this discretion is not limited by the bankruptcy of a beneficiary, and reverse.

## FACTS

In 1982, decedent Gordon H. Gabrielson signed a note for $50,000 to a bank for his daughter, respondent Joan Hurtig, and her husband. No payments were ever made on the note. In 1986, Gabrielson signed a will under which the bulk of his estate poured over into a trust for the benefit of his wife and his six children, including respondent and her brother, appellant David G. Gabrielson, who was also named trustee. The trust document at Article V(A) provides that:

[T]he net income of the Trust shall be paid to the donor's spouse * * * provided that, if the Trustee determines that the donor's

spouse has adequate other income, the Trustee may withhold all or any part of the net income and may distribute all or any part thereof to and among the donor's children in any proportion deemed advisable by the Trustee. Any net income not so distributed shall be accumulated and added to the principal for reinvestment.

Gordon Gabrielson died in 1987. The bank collected from his estate on the note he had signed for respondent. Respondent's debt to the estate was discharged, along with her other debts, by her bankruptcy in 1989.

Appellant exercised his discretion [1] and distributed income each year. He indicated on K–1 schedules for 1989, 1990 and 1991 that annual distributions in the amounts of $5,840.59, $6,652.00, and $4,827.00 respectively were made to respondent. Respondent, however, never received these payments, although she did receive $348.05 in 1992, when the other beneficiaries received $5,542.27. Appellant explained in an addendum to his trustee's report for 1992 that he had calculated the interest respondent owed the estate each year and offset her distributions against it. This system resulted in respondent receiving nothing in 1989, 1990, and 1991, because the interest she owed was greater than the distribution, and in her receiving $384.05 in 1992, when the distribution exceeded the interest she owed by that amount.

### ISSUE

Does Minn.Stat. § 524.3–903 entitle respondent to invoke her discharge in bankruptcy to preclude appellant trustee from offsetting her share of distributions against her prior debt to the estate?

### ANALYSIS

**Standard of Review**

 The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Minn.Stat. § 524.3–903 (1992) provides:

The amount of a non-contingent indebtedness of a successor to the estate if due, or its present value if not due, shall be offset against the successor's interest; but the successor has the benefit of any defense which would be available to the successor in a direct proceeding for recovery of the debt.

Respondent argues that appellant should be compelled to distribute trust income to her because her bankruptcy discharge is a defense available against appellant's use of her distributions to offset the interest payments on her discharged debt. Appellant argues that respondent cannot invoke the statute because she is only a contingent beneficiary of the trust, not a successor to the estate pursuant to Minn.Stat. § 524.1–201(37) (1992), which provides that: "'Successors' means those persons, other than creditors, who are entitled to property under the decedent's will, this chapter or chapter 525." Respondent is not *entitled* to property under the decedent's will: she may receive property if and only if appellant in his discretion as trustee determines that it should be distributed to her, pursuant to article V(A) of the trust document.

Under Minnesota law the beneficiary of a discretionary trust * * * does not have "property" or any "right to property" in nondistributed trust principal or income before the trustees have exercised their discretionary powers of distribution under the trust agreement.

*United States v. O'Shaughnessy*, 517 N.W.2d 574, 578 (Minn.1994).[2] *O'Shaughnessy* cites *In re Carlisle Trust*, 498 N.W.2d 260, 264 (Minn.App.1993), to distinguish beneficiaries of a discretionary trust, who cannot compel distribution, from beneficiaries of a support trust, who can compel trustees to distribute income or principal as necessary for the beneficiaries' support. *O'Shaughnessy*, 517 N.W.2d at 578.

 The trial court relied on *In re Will of Cargill*, 420 N.W.2d 268 (Minn.App.1988), which construes Minn.Stat. § 524.3–903 to

---

1. There has been no allegation that appellant ever abused his discretion.

2. *O'Shaughnessy* had not been released when the trial court made its decision.

apply to debtor-beneficiaries who declare bankruptcy.

The language of this provision expressly permits respondent to raise the bankruptcy as a defense to the trustee's claim to future distributions.

*Id.* at 271. *Cargill,* however, did not address the question in the context of a discretionary trust: the *Cargill* beneficiary's right to distributions was not an issue. Here, the terms of the trust provide explicitly that until the death of their mother, respondent is not entitled to any distribution from the trust income or principal. Appellant trustee has absolute discretion to make or withhold such distributions; his decision to apply respondent's distributions shown on the K–1 forms to her debt to the estate was also within his discretion.

"[T]rustees cannot exercise their discretion in a way that defeats the intent of the settlors * * *." *O'Shaughnessy,* 517 N.W.2d at 577. The intent of the settlor regarding the treatment of his children is expressed in Article VIII: "it is the Donor's desire and intention that all of the Donor's children shall have equal educational and social opportunities." His intent is far more explicit, however, in regard to the absolute discretion given to the trustee, as expressed in Article V:

The trustee in his sole discretion may also distribute principal from this trust. * * * The determination of the trustee, acting alone and without the Donor's spouse, as to the necessity or propriety of any such withdrawals of principal, and as to the amounts thereof, shall be final and conclusive.

And the December 15, 1986, amendment to the trust:

The trustee shall have the sole legal title to all properties at any time held, acquired or received by him under the terms of this agreement. * * * The trustee shall have and exercise the exclusive management and control of the same * * * and he is vested with * * * additional continuing powers and discretions.

Respondent argues that it was her father's intent to treat all his children equally, and that since her debt predated both the trust agreement and his death, he would have directed that her share be offset against her debt if he had wanted to treat her differently. However, her father could also have directed that her debt was to be forgiven if that had been his intent.

It is well settled that in construing testamentary provisions the court cannot supply words to bring about a claimed result * * * [and] that the testator's intention must be gathered from the language of the will itself.

*In re Lutzi's Estate,* 266 Minn. 294, 303, 123 N.W.2d 618, 624 (1963) (citations omitted).

There is no documentary evidence of the decedent's intent either to offset or to forgive respondent's debt. Nor is there any allegation that appellant abused the discretion given to him under the trust instrument. Because there is ample evidence of decedent's intent to confer discretion on appellant, appellant cannot be found to have violated that intent by exercising his discretion.

### DECISION

Respondent's bankruptcy discharged her debt to the trust estate, but it does not entitle her to override the trustee's considerable discretion and compel distributions from that trust estate.

**Reversed.**